WILLIAM S. MOSS *et al.*, Appellants, *v.* JOHN M. JOHNSON, Appellee.

APPEAL FROM TAZEWELL.

A party asking a change of venue, should give notice of his intention at the earliest period. If the cause for the change is known in vacation, notice should be given and the application should be made at chambers.

The averments and proof should correspond.

A person who obtrudes himself upon a locomotive or cars, cannot recover, if he sustains injury.

A person who has a contract with parties running a road, as an employee, going upon a railway train, with full knowledge of the condition of the road, and its management, cannot recover for injuries he may sustain.

THIS suit was commenced in Peoria county, and removed by change of venue to Tazewell county, where it was tried by jury at the April term, 1858, and a verdict and judgment rendered for the plaintiff for $4,000.

The declaration contained two counts.

The first count states, in substance, that the defendants were lessees and proprietors of the Peoria and Oquawka Railroad, and cars used thereon for carrying passengers for hire, from Peoria to Edwards Station. That on the 19th November, 1856, the plaintiff, at the special instance and request of the defendants, became a passenger on said road, to be safely carried from Peoria to Edwards Station, for a certain fee or reward; that defendants received the plaintiff as such passenger; that it was defendants' duty to see that plaintiff was carried on his journey in safety, which they did not do; by reason whereof, the cars ran off the track, and the plaintiff's legs were broken, and he was otherwise seriously injured and damaged, and was prevented from attending to business, and compelled to expend large sums of money in curing his wounds, etc.

The second count is substantially the same as the first, with this additional averment, "That the defendants, not regarding their duty in that behalf, so carelessly, negligently, unskillfully and improperly managed and conducted said cars, that, whilst said cars were proceeding on said railroad, (with the plaintiff as a passenger,) the said cars, by and through the carelessness, negligence and improper conduct of the said defendants and their servants, ran off the track," etc., whereby the plaintiff was injured, as stated in first count.

The defendants pleaded:

1st. The general issue—not guilty; upon which plaintiff took issue to the country.

2nd. That the causes of action in the two counts are the same. That at the time when, etc., the plaintiff was one of the

41

servants of the defendants, engaged as a carpenter and bridge builder, aiding as such, in the construction of said road; and that without any request or invitation of the defendants, and without paying or assuming to pay any fare, had got voluntarily upon the freight and construction train of the defendants, to ride from Peoria to the place where he was engaged in work on said road for defendants. That while he was so proceeding on said train, without any gross fraud or negligence on the part of the defendants, the plaintiff received the injuries complained of in the declaration.

To this plea the plaintiff demurred specially, assigning for causes:

1. That it amounts only to the general issue.

2. That it is double, and attempts to set up two defenses in the same plea.

3. It neither confesses nor avoids the cause of action set forth, nor denies it.

The court sustained the demurrer to the plea. The defendants' counsel abided by the demurrer.

Prior to this time, to wit: on the 7th of April, A. D. 1858, and after the venue in the cause had been changed to Tazewell county, and at the April term of said court, the defendants gave notice that they would apply for a change of venue in the cause, on account of the prejudice of the inhabitants of the county of Tazewell, and filed their petition, which states as follows:

" The petition of the undersigned, defendants in this suit, respectfully represents that the inhabitants of the county of Tazewell, in which this suit is pending, are prejudiced against the defendants, so that they fear that they will not receive a fair trial in the Circuit Court of Tazewell county aforesaid, in which said suit is pending, for the reason aforesaid; and that the said defendants did not ascertain the existence of such prejudice, until within the last ten days; and that the cause of the prejudice aforesaid, did not come to the knowledge of the petitioners aforesaid, until within the last ten days. Petitioners therefore pray for a change of venue in this cause, pursuant to the statute in such cases made and provided.

WM. S. MOSS.
WM. KELLOGG,
CHARLES S. CLARK,
HERVEY LIGHTNER,
RICHARD GREGG."

The petition was sworn to by Wm. Kellogg, who states, also, that the application is made by the consent of all the defendants.

The court overruled the motion for a change of venue, and the defendants filed their bill of exceptions, setting out the notice of application, etc., which was signed by the judge.

The cause proceeded to trial at April term, A. D. 1858.

*James D. Barr* stated for plaintiff as follows:

My occupation is that of a carpenter; I was, in 1855, foreman of the carpenters employed on the Peoria and Oquawka Railroad; the plaintiff was also at the same time employed as a carpenter on said road, and was working under me, and had been so working for the company for a month or two. At the time he received his injury, he was going out on the freight and construction train to his work on a water tank, being a hand employed on said road as a carpenter. I have no recollection that I directed or requested plaintiff to go out on the cars that morning; I and several hands were going out to work on the road; it was usual for them to ride out on the train; there was a box car attached to the train, which had been fitted up with seats to convey the hands and passengers who wished to travel on the route of the road, in which plaintiff was at the time of the accident; this box car was placed in front of the other cars, and behind the engine and next to the tender; two other cars immediately in rear of the box car were loaded with iron for the road, and the other still behind them with ties; this was not the usual manner of making up a train, and in my judgment was improper; the box or passenger car ought to have been placed behind the others.

There were forty or fifty persons in the box car, principally hands of the defendants, going to their work. E. D. Palmer was engineer, and Smith Frye, conductor, on the train. There were two or three passengers who paid fare in this box or passenger car.

The accident happened about five miles from Peoria, at a curve in the road; it was a slight curve; the car ran off the track about one hundred feet before we reached the trestle work, and as soon as that was reached it was broken down, and the car in which the plaintiff and other hands and passengers were, was overturned, and fell down off the trestle work some fifteen or twenty feet. The plaintiff's leg was broken, and his shoulder dislocated; several other persons were injured, and a brakeman was killed. Johnson was taken into a car and taken back to Peoria. The engine did not run off the track; some of the wheels of the tender did; we were running eight or ten miles an hour; the plaintiff had nothing to do with the running of the cars. On the embankment, before reaching the trestle work, there were no chairs to hold the rails; they were only secured by spikes.

At the speed we were running, I think the spikes were sufficient; some roads use larger ones; the spikes had been put in at every place where they ought to have been. The plaintiff

was a hand employed in the construction of the road; he was not requested by defendants or ony other person to ride out on the cars. The road was unfinished and in process of construction. The plaintiff had been over this portion of the road before; the cars had been running over the road for more than a year previous to the accident, and none had previously occurred. The plaintiff might, if he had chosen, have got on the hind car, instead of into the box or passenger car; I think he was not as good a judge as myself as to the manner in which a train ought to be made up. There was in my judgment no carelessness or negligence in the conducting or running the train; and this portion of the road where the accident occurred had been constructed by the Peoria and Oquawka Railroad Company before the defendants came into possession of the road. The defendants had been operating and constructing the road since April previous to the accident.

The witness further stated, that in his opinion, the accident occurred by reason of a defect in the friction plate of the car; that it was too tight to allow the car to turn easily."

*E. D. Richardson* testified:

I was a passenger in the car at the time when the accident happened; the box car in which I rode was next to the tender, and the cars loaded with iron next to it in the rear; this is not the usual way of making up a train; the passenger car was thrown from the track; the locomotive did not run off; one man was killed, and Mr. and Mrs. Lowe were injured; Johnson, the plaintiff, was also injured; I was not; I went back to see how the accident occurred, and I think I know. There were no chairs where the accident happened; there is a slight curve in the track; It had the appearance that the flange of the wheels had struck the square end of the rails which had got out of place, not coming square together at the ends, thus throwing the cars off the track, and running the same against the trestle work, knocking the same down and throwing the cars off the track; the track had been in that way for several days; the man that was killed had thrown off a stick of wood at the place a day or two before, to show the superintendent that the road was out of order there; I think the cause of the accident was the misjoinder of the rails.

There was no mismanagement in the running or conducting of the train; it was not running on that day as fast as usual.

*W. G. Wheaton,* called by the plaintiff, testified:

That he is an engineer by occupation; has been so for nine or ten years; the proper manner for making up a freight and passenger train is, to put the passenger car behind, in order to insure safety. I should not think it was proper to put passen-

ger cars before heavy loaded freight trains and cars. I never considered a road finished without chairs; but with proper attention they might be safe. They would be less safe on a curve, and less safe with a half-inch spike. This road was in process of construction at the time of the accident; but I do not know the condition of the road at this particular place. All the roads with which I am acquainted except this, use a large spike, which is a five-eighth inch spike, which makes the road safer.

*Edward Palmer*, called by the defendants, testified, that he was engineer, and was running the engine in the train at the time the accident occurred; the train was running at the rate of eight or ten miles per hour; I had been employed on the road from two and a half to three years; I was employed first by the Peoria and Oquawka Railroad Company; I think this portion of the road was constructed by the Peoria and Oquawka Railroad Company before the defendants had charge of the road; I had run over the road for a year or more previous to the accident to the plaintiff. I know the plaintiff; he was a hand employed on the road; he was not a passenger on the day of the accident, for fare; he got on the train to ride to his work with the rest of the hands; think the train was carefully and prudently managed and conducted on that day.

The court, at the request of the plaintiff, gave the following instructions:

1st. If the jury believe, from the evidence, that the accident to the plaintiff was caused by the negligence and carelessness of the defendants in running their cars, the plaintiff is entitled to recover.

2nd. If the jury believe, from the evidence, that the road was unsafe, and that the accident happened in consequence of the road being unsafe, or in consequence of the cars being out of order, the plaintiff is entitled to recover.

3rd. If the defendants undertook to carry the plaintiff in their cars, they were bound to use proper care, skill and prudence, in carrying him; and if the accident happened in consequence of a want of such care, skill and prudence, then the plaintiff is entitled to recover.

4th. That, whether the plaintiff was or was not in the employment of the company, unless he had some control over the train or road, they were bound, if they undertook to transport him on the cars, to have a safe road, well built, of sufficient material, and to use ordinary care, skill and diligence, in transporting him; and if they have failed in either of these particulars, the plaintiff is entitled to recover.

5th. The defendants were bound to know whether their road

and machinery were safe and in proper condition, and if they were not safe and in proper condition, and the accident was occasioned by reason of the road or machinery not being safe and in proper condition, the plaintiff is entitled to recover.

6th. It makes no difference whether the plaintiff paid any fare or not, if he was lawfully on the train. It was the duty of the defendants to use all reasonable care and prudence to insure his safety.

7th. In assessing damages, the jury can find such an amount as will fully compensate him for his sufferings and the injuries he has sustained.

The defendants requested the court to instruct the jury,

That a master who employs several servants, who are engaged in different branches of the same business, is not liable for the negligence or carelessness of one, through which another sustains an injury.

If the jury believe, from the evidence, that the plaintiff was a carpenter employed by the defendants in the construction of the Peoria and Oquawka Railroad; that he had, without any special request from the defendants, been in the habit of riding into Peoria at night, and back to his work in the morning, free of charge or expense, and that if he had on the day of the alleged injury got voluntarily on to the construction train, to go to his work, without the request of the defendants, and without the payment of fare, the defendants are not liable, although the injury may have occurred through the carelessness of their servants.

That if the jury believe, from the evidence, that at the time the injury was received by him, he was a hand employed by the defendants upon the road as a carpenter, aiding in the construction of the same, and that he got voluntarily upon the cars without paying any fare, or assuming to pay any, without any request from the defendants, and that the accident occurred without the gross fault or negligence of the defendants, they will find for the defendants.

If the jury believe, from the evidence, that the plaintiff's injury was occasioned by reason of any defect in the construction of the railroad, or any defect in the same, they will find for the defendants.

That unless the jury believe, from the evidence, that the defendants were guilty of gross negligence in conducting and running the train of cars at the time this accident happened, they will find for the defendants.

All which instructions the court refused to give, and the defendants excepted.

Defendants moved for a new trial for the following reasons:

1st. The verdict is against law and evidence.

2nd.   The court permitted improper evidence to be given to the jury by the plaintiff.

3rd.   The court misdirected the jury in giving the instructions asked by the plaintiff.

4th.   The court refused proper instructions asked by defendants.

5th.   The court refused proper evidence offered to the jury by the defendants.

The motion was overruled, and judgment entered on the verdict, and defendants excepted.

The errors assigned are:

1st.   Admitting the plaintiff's evidence, which was objected to by defendants.

2nd.   Giving plaintiff's instructions.

3rd.   Refusing instructions asked by the defendants.

4th.   Overruling defendants' motion for a new trial.

5th.   Rendering judgment for plaintiff upon the verdict.

6th.   Refusing change of venue.

N. H. PURPLE, for Appellants.

H. M. WEAD, and A. L. DAVISON, for Appellee.

BREESE, J.   A preliminary question is raised in this case, growing out of the ruling of the court, on the motion and application of the plaintiffs in error for a change of venue in the cause, on account of prejudice of the minds of the inhabitants of the county in which the suit was pending, against them.

The record shows that the action originated in Peoria county, and the venue changed to Tazewell, on the motion and affidavit of the plaintiff, of prejudice in the judge of the Peoria Circuit Court.

The cause being removed to Tazewell, the defendants made their application for a change of venue, on the eighth day of April, being the third day of the term, having given the notice on the seventh, the day previous.   The affidavit stated that the cause of the application, was only known to them within ten days, without stating where they obtained the knowledge.   As such applications can be made in vacation as well as in term time, it behooves the party, if the cause is ascertained in vacation, to give the notice at once to the opposite party, and make application to the judge at chambers or elsewhere, wherever he may be, for a change of venue, and thus prevent accumulation of costs and the exercise of diligence by the opposite party to be prepared for trial, which is always attended with expense. We know too well, when such applications are made at the

term, they are made, for the most part, for a sinister purpose, and it should be the endeavor of the courts to frustrate their accomplishment. The plaintiffs in error by their own showing, did know of the cause, as we infer from the language of the affidavit, some days before the sitting of the court. They were negligent in not giving the earliest and speediest notice of their intended application, and the court did not err in refusing the motion.

The merits of the case are, however, with the plaintiffs in error.

It is a rule in pleading, subject to no exception, that a party must recover, if at all, on, and according to, the case he has made for himself in his declaration. He is not permitted to make one case by his allegations, and recover on a different case made by the proof.

There are two counts in the declaration.

The first count states in substance, that the defendants were lessees and proprietors of the Peoria and Oquawka Railroad, and cars used thereon for carrying passengers for hire, from Peoria to Edwards Station. That on the 19th November, 1856, the plaintiff, at the special instance and request of the defendants, became a passenger on said road, to be safely carried from Peoria to Edwards Station for a certain fee or reward : That defendants received the plaintiff as such passenger : That it was defendants' duty to see that plaintiff was carried on his journey in safety, which they did not do ; by reason whereof, the cars ran off the track, and the plaintiff's legs were broken, and he was otherwise seriously injured and damaged, and was prevented from attending to business, and compelled to expend large sums of money in curing his wounds, etc.

The second count is substantially the same as the first, with this additional averment, " That the defendants, not regarding their duty in that behalf, so carelessly, negligently, unskillfully and improperly managed and conducted said cars, that, whilst said cars were proceeding on said railroad, (with the plaintiff as a passenger,) the said cars, by and through the carelessness, negligence, and improper conduct of the said defendants and their servants, ran off the track," etc., whereby the plaintiff was injured, as stated in first count.

The allegations of neither count are proved. In the first place he was not a passenger, nor received as such, nor in any sense under the care of the plaintiffs in error. He voluntarily placed himself on a car, to go to his work on the road, and not at the request of plaintiff, in dangerous proximity to the engine, in a train with the heavy burden cars loaded with iron rails and wooden ties behind the car which he chose to get into. This

distinguishes the case from that of *Gillenwater* v. *Madison and Indiana Railroad Co.*, 5 Ind. 339, and also from the case of *Fitzpatrick* v. *The New Albany and Salem Railroad Company*, 7 Ind. 436. His position was of his own choosing, without any request by the plaintiffs, or direction by them, or contract by them of any kind, to carry him to and from his work on the road, nothing of that kind being alleged or shown. The act of placing himself on this car was his own voluntary act, and in the absence of negligence and want of care on the part of the plaintiffs, such as is alleged in the declaration, he is not, on any principle of law we know of, entitled to recover.

We admit, being on the cars with the plaintiffs' consent, they were bound to use due diligence to carry him safely.

The allegation in the first count is that they did not use due and proper care, safely and securely to carry and convey him, and in the second count, it is alleged that the cars were so carelessly managed and conducted, that they ran off the track, whereby his leg was broken. Now as to the proof. His own witnesses, Barr, Richardson and Wheaton, prove nothing of the kind, but a different case altogether.

Barr, who is a carpenter also, says, in my judgment there was no carelessness or negligence in the conducting or running the train, and in his opinion the accident occurred by reason of a defect in the friction plate of the car—it was too tight to allow the car to turn easily. Richardson says he was in the car at the time of the accident—went back to see how it happened and thinks he knows—he says there were no chairs where the accident happened, and there is a slight curve in the track; the appearance was that the flange of the wheels had struck the square end of the rails which had got out of place for the want of chairs—the ends not coming square together; thinks the cause of the accident was this misjoinder of the rails; he says distinctly, there was no mismanagement in running or conducting the train, and was not running as fast as usual on that day. Wheaton says he is an engineer by profession—meaning doubtless, an engine driver, and he speaks only as to the proper mode of making up trains and the safety and condition of the road; thinks it might be safe with proper attention without chairs. All the evidence given in relation to the manner of making up the train and to the condition of the road, was objected to by the plaintiffs, but admitted by the court, and it will be seen such proof makes out no such case as is stated in the declaration. All the witnesses speaking to the facts stated in the declaration, ignore them all. The facts proved, not being those alleged or of kin to them, the court should have refused the instructions given for the defendant in error, marked two and five, on this

branch of the case, and should have given the fourth instruction asked by the plaintiffs in error.

But the important question behind all these, is as to the liability at all of the plaintiffs in error, under the facts alleged in the declaration, if proved.

We have fully examined this question in another case, and all the authorities to which reference has been made in this case. *Ill. Central R. R. Co.* v. *Cox*, 21 Ill. R. 20. We have neither time nor inclination to go over the ground again.

The facts in this case abundantly show that the defendant in error was in a condition to know the condition of the road, passing over it as he did daily, in carrying out his contract with the company as one of its employees, and he must be presumed to have contracted in view of all the hazards to which he was exposed, by an insecure and imperfect road—making up trains upon it—as well as the negligence of his co-employees.

The cases decided in Indiana, 5 Ind. R. 339, and 7 ib. 436, as well as those decided by the Supreme Court of Ohio, 3 Ohio State R. 201, and 20 Ohio R. 415, are all based on the ruling of the Scotch courts, entirely ignoring the English decisions, and those of most of the courts of the United States. The Scotch case is *Dixon* v. *Ranken*, 1 Am. Railway Cases, 569. The case in 17 Ben. Monroe, 587, was the case of injury to a slave. The court there say, without questioning the propriety of the rule in *Ill. Cent. R. R. Co.* v. *Cox*: "There is manifest propriety in distinguishing between the two classes of cases, involving free persons on the one hand and slaves on the other, and in applying a different rule of law when a slave is an employee. A slave may not with impunity remind and urge a free white person, who is a co-employee, to a discharge of his duties, or reprimand him for his carelessness or neglect; nor may he, with impunity, desert his post at discretion, when danger is impending; nor quit his employment on account of the unskillfulness, bad management, inattention or neglect of others of the crew. Whatever may be the danger, by reason of any of these causes, he must stand to his post, though destruction of life or limb may be never so imminent. He is fettered by the stern bonds of slavery—necessity is upon him, and he must hold on to his employment."

The defendant in error was his own master, fettered by nothing but considerations of his own interests, and they prompted him to incur the hazards which have been so injurious to him. In law, he cannot complain. We have nothing to add to the case of Cox, *supra*, but a reference to two additional cases fortifying it. The first is the case of *Tarrant* v. *Webb*, decided at

the Middlesex sittings at Trinity Term, 1857, and the other is *Noyes* v. *Smith and Lee,* 2 Williams' Ver. R. 59.

On this branch of the case, the Circuit Court should have refused the other instructions given for the defendant in error, numbered one, three, four and six, and should have given the first three instructions asked by the defendant.

It may be well to observe here, that the special plea of plaintiffs in error amounted to the general issue, and was demurrable for that cause. All the facts stated in it, could be given in evidence under the general issue, and that is the proper door to pass them through.

The judgment of the court below, for the reasons given, is reversed.

*Judgment reversed.*