## The Chicago, Rock Island & Pacific Ry. Co. v. Lawrence Urbaniac.

1. RAILROADS—*Owe No Duty to Trespassers on Right of Way until They Are Seen.*—A railroad owes no duty to a person on the right of way outside of the highway, until he is seen, and there is no duty to be looking for persons on the right of way beyond the highway.

2. PLEADINGS—*Recovery Must Be Had on the Ground of Negligence Alleged.*—The object of written pleadings by plaintiff is to apprise defendant of the ground of action on which plaintiff relies, in order to afford defendant an opportunity to meet that specific ground, and it is not admissible that one ground of negligence be alleged, and recovery be had upon another and different ground.

3. NEGLIGENCE—*A Question of Fact for the Jury.*—It is for the jury to say whether, under all the circumstances then existing, plaintiff was guilty of negligence in going upon the tracks within the highway when the gate was down.

4. PRACTICE—*Objections to Rulings of the Trial Court Not Contained· in Motion for a New Trial.*—Objections to rulings of the trial court not contained in the motion for a new trial are waived.

Trespass on the Case, for personal injuries.   Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge presiding.   Heard in this court at the October term, 1902.   Reversed and remanded.   Opinion filed January 27, 1903.

W. T. RANKIN and FULLERTON & ELDREDGE, attorneys for appellant.

EDWARD J. KELLY, GEORGE J. GLEIM, LESTER H. STRAWN and L. O. BROWNE, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court. Lawrence Urbaniack was run over by a switch engine of

the Chicago, Rock. Island & Pacific Railway Company, running backward on its main line in the city of Peru, and his legs were so crushed that amputation was necessary. He brought this suit to recover damages for the injuries so received, and on a jury trial obtained a verdict for $5,000. Motions by both plaintiff and defendant for a new trial were overruled. Plaintiff had judgment on the verdict and defendant appeals.

The declaration consisted of three original and two additional counts. The defense pleaded not guilty, and also the statute of limitations to the additional counts. To the last named plea a demurrer was sustained, and defendant abided by that plea. The first count charged that defendant was driving its engine along the railroad toward a certain crossing of said railroad and a certain public street and highway in the city of Peru known as East street; that while plaintiff was about to cross said railroad at said crossing upon the said public highway, defendant negligently drove its engine upon plaintiff. The second count charged defendant was driving its engine along said railroad toward a certain crossing of said railroad and a certain public highway known as East street in the city of Peru, and while plaintiff was walking across said railroad at said crossing on said highway, defendant negligently drove its engine upon him. The third count charged that defendant was driving its engine along said railroad toward a certain crossing of said railroad and a certain public highway known as East street in the city of Peru; and while plaintiff was walking across said railroad at said crossing upon said public highway, defendant drove its engine across said highway without ringing a bell or blowing a whistle as required by law, and ran upon plaintiff. The first additional count contained like averments as to place, but as the court at the request of plaintiff instructed the jury there was no proof to support it, its allegations need not be stated. The second additional count alleged that defendant was driving its engine along said railroad toward a certain cross-

ing of said railroad and a certain public highway in the
city of Peru known as East street; that while plaintiff was
attempting to cross said railroad at said crossing of said
highway, and was necessarily waiting the passing by of
another locomotive and train belonging to defendant,
said defendant, by its servants in charge of said first
engine, though they knew many persons were in the habit
of passing across said railroad at said crossing at all times of
the day, and though while at a great distance from the
place where plaintiff was then standing said servants of de-
fendant saw said plaintiff standing at said crossing and
upon and between the tracks upon which they were at that
time driving said engine, said plaintiff being at that time at
a great distance from said engine, yet said servants of
defendant wantonly, recklessly, and with gross negligence
drove said engine backward at a very great speed along
said railroad and toward plaintiff, and toward and across
said crossing, and did not make reasonable or efficient
effort to avoid causing said engine to strike plaintiff, and
did not give adequate or timely warning to plaintiff that
he might avoid being injured by said engine; and that
through the gross, wanton and willful neglect and im-
proper conduct of said servants said engine ran upon and
struck plaintiff. Every count of the declaration therefore
charged that plaintiff was struck while he was upon East
street and the crossing of said railroad over that street, a
public highway. East street ran north and south, and the
railroad ran nearly east and west at that crossing. Plaint-
iff testified he was struck upon that street crossing, and
endeavored to prove that fact by the witnesses whom he
called. Plaintiff was employed at Cahill's shaft some dis-
tance west of East street and was on his way to his day's
work. A short distance south of the railroad was Brunner
street, running in an easterly and westerly direction, and
along which plaintiff could reach the coal shaft. Plaintiff
claimed that at the time he was struck he was standing on
the north track, waiting for an east-bound train on the
south track to go by, and intending to cross that track as

soon as the train passed, and that he had looked east and west to see no train was approaching on the track on which he was standing. It was, however, a nearer route for him to reach the coal shaft to go along the right of way of the railroad. Defendant introduced proof tending to show plaintiff took the north main track of the railroad, which was the west-bound track, and walking between the rails, left East street, and was walking down the track toward the coal shaft, and that he had passed from fifty to seventy-five feet west of the west line of East street when he was struck and run over. There was a great conflict of proof on this subject, with an apparent preponderance both of direct proof and of circumstances in evidence showing that plaintiff was west of East street and traveling along the main track toward the coal shaft. There was no proof that any one on the engine saw plaintiff, and counsel for plaintiff here say in their brief that none of those on the engine saw him. In this state of the pleadings and proof the court, at the request of plaintiff, instructed the jury that if they believed from a preponderance of the evidence that the accident happened west of the crossing at East street, that would not prevent plaintiff from recovering if the jury further believed from a preponderance of the evidence that plaintiff received the injury by reason of gross, wanton and willful negligence of defendant as charged in the second additional count. The court refused the nineteenth instruction requested by defendant, to the effect that if plaintiff was injured while on the tracks of defendant west of the west line of said crossing, they could not find defendant guilty, and also the twenty-second instruction, which said that if plaintiff was not injured on the railroad crossing known as East street crossing, but was injured while walking along the right of way of defendant west of said crossing, then they must find defendant not guilty.

Plaintiff had rights upon the public highway. He was *prima facie* a trespasser if he was walking along the railroad track outside the limits of the highway. The railroad

company owed duties to persons on the highway. It owed none to a person on the right of way outside of the highway, until he was seen. There was no duty to be looking for persons on the right of way beyond the highway. (Wabash R. R. Co. v. Jones, 163 Ill. 167; Martin v. C. & N. W. Ry. Co., 194 Ill. 138, and cases cited in those opinions.) Negligence is the breach of a duty. The duties of defendant toward plaintiff if he was upon the highway being entirely different from those it owed him if he was traveling on its tracks outside the highway, it follows the allegation of place was material. The object of written pleadings by plaintiff is to apprise defendant of the ground of action on which plaintiff relies, in order to afford defendant an opportunity to meet that specific ground; and it is not admissible that one ground of negligence be alleged, and recovery be had upon another, and different ground. (C., B. & Q. R. R. Co. v. Bell, 112 Ill. 360; W. St. L. & P. Ry. Co. v. Coble, 113 Ill. 115; C. & E. I. R. R. Co. v. Driscoll, 176 Ill. 330; C., B. & N. R. R. Co. v. Hawk, 42 Ill. App. 322.) When plaintiff's counsel filed both the original and the additional counts they must have known that plaintiff was at least fifty-five feet west of the street immediately after he was run over. They could have filed a count charging that he was on the tracks west of the highway and that defendant's servants willfully and wantonly ran him down, if they had desired. They apparently preferred to take their chances on convincing the jury that the engine rolled plaintiff from the street to the place where he was picked up. Having pleaded and produced proof on that theory only, the court should not have permitted him to recover upon a different ground of negligence which he did not set up in his pleadings. The rulings of the court upon the instructions above referred to were erroneous.

There was a sidewalk along each side of East street, north of the railroad tracks, but the west part of the street between the sidewalks was rough and uneven and not used by teams. Teams drove along the east side of what is usually the way for teams in a street, and defendant had

constructed a gate on the north side of its tracks which, when lowered, covered that part of the street where teams traveled, and about half the east sidewalk. This gate was down when plaintiff passed upon defendant's track. The court refused certain instructions requested by defendant, based upon the fact the gate was lowered, which would have precluded a recovery by plaintiff even if he was struck while on the highway, unless the servants of defendant wantonly and willfully ran him down. Our attention is not called to any proof that the city of Peru had ordered gates to be erected. We can not accede to the doctrine that if a railway company voluntarily erects gates for its own benefit, they become a substitute for the signals required by law. But even if the gates were there pursuant to a requirement by the city, the instructions were incorrect under C. & W. I. R. R. Co. v. Ptacek, 171 Ill. 9. The instructions which the court did give for defendant on this subject were much too strong, under the case last cited. It was for the jury to say whether, under all the circumstances then existing, plaintiff was guilty of negligence in going upon the tracks within the highway when the gate was down.

There are seventeen assignments of error on this record. Three of these are that the court erred in overruling defendant's motion for a new trial, and its motion in arrest of judgment, and in entering judgment. The rest relate to rulings of the court at the trial. If these rulings were included in the points filed on the motion for a new trial, the assignment that the court erred in overruling the motion for a new trial presents them fully. If they were not included in that motion they were waived, and can not be assigned for error here. (I. C. R. R. Co. v. Johnson, 191 Ill. 594; Matthews v. Granger, 196 Ill. 164.) We mention this here to discourage the useless but growing practice of repeating the details of the motion for a new trial in the assignments of error.

The judgment is reversed and the cause remanded.