(No. 14314.—Judgment affirmed.)

THE PEOPLE *ex rel.* J. F. Kastning, Plaintiff in Error, *vs.*
THEODORE MILITZER *et al.* Defendants in Error.

*Opinion filed December 22, 1921—Rehearing denied Feb. 14, 1922.*

1. SCHOOLS—*when the curative act of 1917 does not validate
high school district.* The curative act of 1917 validating elections
for the organization of high school districts applies only to cases
"where a majority of the inhabitants of any contiguous and com-
pact territory voting on the proposition" have voted in favor of
the organization of a high school district, and it cannot have the
effect of validating the organization of a district which is not com-
pact but which consists of about twenty-six sections of land sur-
rounding another school district.

2. APPEALS AND ERRORS—*questions of law decided on former ap-
peal will not be considered on second review.* Questions of law
which have been decided by an appellate court on the appeal of a
cause will not be again considered on a second appeal, and the
decision on the appeal is binding not only on the trial court in the
further progress of the cause but also on the appellate tribunal in
any subsequent appeal.

3. SAME—*trial court, on remandment, must carry out remand-
ing order.* A trial court to which a cause has been remanded can
take only such proceedings as conform to the judgment of the
appellate court, and if specific directions are given, the court can
do nothing but carry out the specific directions.    .

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. CHARLES M. FOELL, Judge, presiding.

RALPH L. PECK, and RATHJE, LAWLOR & CONNOR, for
plaintiff in error.

WALLACE E. SHIRRA, HUGO J. THAL, and CUTTING,
MOORE & SIDLEY, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

All the questions of law in this case were adjudicated
on the former appeal. The court was unable to render the
judgment which the trial court should have rendered or to

direct that court to enter judgment, because the one question of fact was undetermined whether prior to the date of the judgment from which that appeal was taken, January 22, 1915, any part of the district in question here had been organized into or as a part of some other district. (*People* v. *Militzer*, 272 Ill. 387.) It was held that the organization of the district was invalid because the votes of women, which were controlling in the election, were illegal, but that the organization was made valid by the curative act of April 24, 1915, (Laws of 1915, p. 630,) unless some part of the district had been organized into or as a part of some other district prior to January 22, 1915, in accordance with the proviso to section 1 of that act, and if this had not been done then the curative act should be given effect. The act of April 24, 1915, having been passed after the judgment of the superior court, the pleadings, of course, made no issue as to the facts mentioned in the proviso of that act. When the cause was re-instated in the superior court, the respondents, upon leave granted, filed a supplemental plea, alleging, among other things, that no part of the Arlington Heights Township High School District had since the organization of said district been organized into or as a part of any other district or districts. On the trial of this issue it appeared that an election was held on September 5, 1914, on the proposition to organize the Mount Prospect High School District out of all the Arlington Heights Township High School District except district No. 25, which included the village of Arlington Heights, and sections 25 and 36 in Palatine township. The proposition carried, but as the act under which the attempt to organize was made was the act of 1911, which was held unconstitutional in *People* v. *Weis*, 275 Ill. 581, the attempt was a failure. The curative act, which three years later made valid the organization of districts under the act of 1911, could not, in any case, have been effective to make valid the Mount Prospect High School District, because it ap-

plied only to cases "where a majority of the inhabitants of any contiguous and compact territory voting on the proposition" had voted in favor of the organization of a high school district. (Laws of 1917, p. 744; *People* v. *Moyer,* 298 Ill. 143.) The Mount Prospect High School District was not compact but consisted of about twenty-six sections of land surrounding school district No. 25, in which was the village of Arlington Heights, except on the west boundary of school district No. 25. The latter school district, which was situate in the heart of the Mount Prospect district, consisted of about six sections, two miles wide, extending into the Mount Prospect district at the middle of its west boundary three miles.

Two sections immediately west of school district No. 25 constituted a part of the Arlington Heights Township High School District in its original organization, and it is claimed that these sections were annexed to a district known as the Palatine High School District by proceedings taken in the latter part of 1914, pursuant to section 7 of the act of 1911. This section authorizes the annexation of territory to an adjoining high school district organized pursuant to the act of June 5, 1911, and the record contains no evidence that the Palatine High School District was so organized. Section 7 requires a concurrent resolution adopted by the board of each district. The record shows such a resolution adopted by the board of education of the Palatine High School District, but there is no resolution by the board of directors of the school district including sections 25 and 36. There is what purports to be a joint resolution that sections 25 and 36 in the township of Palatine, Cook county, Illinois, be annexed to the high school district of the township of Palatine and become a part thereof. This document was signed by the members of the board of education of Palatine Township High School District and by Edward Harz and J. F. Kastning, who signed as board of directors of district No. 19, in which are located sections 25 and 36, Palatine, Cook

county, Illinois. There is nothing to show that this resolution was ever acted on by the directors of district No. 19 at any regular or special meeting of the directors. It does not purport to show any action taken by the directors and does not purport to be a copy of the minutes of the proceedings of the board of directors or of any resolution adopted by them. It is simply a paper signed by two of the directors. The evidence is therefore insufficient to show an annexation of these two sections to the Palatine High School District.

The law is well settled that questions of law which have been decided by an appellate court on the appeal of a cause will not be again considered on a second appeal; that they are binding not only on the trial court in the further progress of the cause but also on the appellate court in any subsequent appeal. "There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case in this court can be reversed or set aside at a subsequent term. There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew and bring it again and again before the court for its decision." (*Hollowbush* v. *McConnel,* 12 Ill. 203.) On the previous appeal it was decided that the appellant organization was legal unless it came within the terms of the proviso of the act of 1915, and the cause was remanded to permit the parties to make proof as to whether it did come within such proviso, and with directions that if it did not, then the curative act was to be given effect. If a cause has been remanded, the court to which it is remanded can take only such proceedings as conform to the judgment of the appellate court. If specific directions are given, the court can do nothing but carry out the specific directions. (*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 286 Ill. 213.) The court has found that the case did not come within the pro-

viso and has followed the directions of the court as to the course which should be taken in a case of such finding. In doing so it could not commit error, and the court will not review its former consideration of the question.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*