Joseph Dvorak, Appellee, v. Hartford Fire Insurance Company, Appellant.

Gen. No. 8,222.

Opinion filed October 15, 1928. Rehearing denied January 4, 1929.

HICKS & FOLONIE, GLENN RATCLIFF and M. P. RICE, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This appeal is prosecuted by the appellant, Hartford Insurance Company, from a judgment for $1,440 recovered against it in the circuit court of Fulton county by Joseph Dvorak, the appellee, for a loss by fire suffered by him, which was covered by an insurance policy issued by the appellant. The insurance policy in question was taken out by the appellee to cover a gasoline launch, and the hull of the launch, its motors, ma-

chinery, etc. The launch was totally destroyed by fire on the night of July 6, 1925.

The declaration filed sets out the policy of insurance upon which the appellee bases his right of recovery; and it avers performance upon the part of the appellee of "all the things in said policy contained on his part to be kept and performed;" also "that forthwith after the happening of the said loss and damage, to-wit; on the second day of July, A. D. 1925, he then and there gave to the defendant notice in writing of said loss and damage and within sixty (60) days after the incurring of the loss and damage aforesaid rendered to the defendant a proof of said loss signed and sworn to by him, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and all others in said property, the cash value of said property, the amount of loss or damage thereto or encumbrances thereon, all other contracts of insurance whether valid or not thereon, all changes in the title, use, occupation, location, possession or exposures of said property since the issuance of said policy, and in addition thereto, did furnish the said defendant with all other and further information relative to the said loss and damage required in and by the terms and provisions of said policy."

The appellant filed the general issue to the declaration, and six special pleas, alleging certain specific matters of defense. The first special plea alleges that the appellee did not within 60 days after the fire, render a sworn statement or proof of loss to the appellant company as required by the terms of the policy. In the second special plea it is averred that "the insured, did, to-wit: before loss conceal and misrepresent material facts and circumstances concerning the subject of said insurance, and did commit fraud and falsely swear touching matters relating to the subject of said insurance, to-wit: he did misrepresent and fraudulently

state respecting the character, quality, and value of the property so insured and did so with intent to cheat and defraud the defendant, falsely stating the insured property to be better and of more value than it was in fact, and so did with fraudulent intent to cheat and defraud the defendant.''

In the first additional special plea, it is averred that: ''And for a further plea in this behalf, the defendant, says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the said plaintiff, Joseph Dvorak, did knowingly and wilfully cause the setting of the fire which occasioned the damage and loss mentioned in the said declaration of the plaintiff, for the purpose of defrauding this defendant, and to collect the insurance upon the said policy.''

The appellee joined issue on the second special plea referred to, and by replications traversed all the other special pleas filed and tendered issues thereon, including the second and first additional special pleas.

A number of errors are assigned. We shall consider those which appear to be of gravity and importance under the issues joined in the case. It is pointed out by the appellant that there is no evidence of performance of the condition precedent contained in the policy of insurance, which requires proofs of loss to be furnished to the appellant company within 60 days of the date of the fire. The evidence shows that no proofs of loss were made out or forwarded to the appellant company until after September 22, 1925, which was more than 60 days after July 6, the date of the fire. It is insisted however by the appellee, in controvention of the point raised, that shortly after the fire there was a denial of liability on the part of the appellant company, and that the company thereby waived the furnishing of such proofs of loss. It is true, that the rule is well settled in this State, that where an insurance company expressly denies its liability under a policy

of insurance before the expiration of the time for furnishing the proofs of loss required by the policy, the furnishing of such proofs of loss by the insured is thereby waived. However, in this case the appellee did not base his right to recover under the policy on the ground of waiver, but based it on the ground of performance of the terms and conditions of the policy; and the declaration expressly avers that the appellee performed the condition in the policy requiring him to furnish proofs of loss within 60 days; and under the general issue the burden of proof was therefore on the appellee to show such performance. This requirement of law could not be satisfied by showing facts, which in law might constitute a waiver of the requirement to furnish such proofs of loss. This same question was before the Supreme Court in *Feder v. Midland Casualty Co.*, 316 Ill. 552, where the court pointed out:

"The appellant contends that there was a waiver of the requirement of proofs of loss by Nitz's statement that the company refused to pay because the premium had not been paid. If the company had refused to pay because the premium had not been paid it might be contended with great force that such refusal was a waiver of the requirement of the policy that proofs of loss should be furnished; that the company having placed its defense on one proposition waived all others. The appellant by the pleadings has not claimed the benefit of this waiver. The declaration has alleged a performance of the conditions and not a waiver of them; that she furnished the proofs,—not that she was excused from furnishing them.

"The object of a declaration in an action at law is to state the facts constituting the plaintiff's cause of action upon which he relies to recover, so as to enable the defendant to prepare his defense and meet the facts alleged with appropriate evidence. In order to recover the plaintiff must prove the case alleged in his declaration. It is a primary and elementary principle

that a plaintiff can recover only on the case made in his declaration. He cannot make one case by his allegations and recover on a different case made by the proof. *Moss v. Johnson,* 22 Ill. 633; *Menifee v. Higgins,* 57 id. 50; *Wabash Western Railway Co. v. Friedman,* 146 id. 583.)''

It is apparent also, under the holding in the *Feder* case, that instructions 15 and 16, which were given for the appellee, were erroneous because they informed the jury that the appellee had a right to recover under his declaration averring performance on the ground that the appellant waived such performance by the appellee by a denial of liability.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*