Ralph R. Seaburg, Plaintiff-Appellee, v. Lamont Williams, Defendant-Appellant.

Gen. No. 11,293.

Second District, First Division.

October 16, 1959.

Released for publication November 3, 1959.

Maynard and Maynard, of Rockford (James F. Maynard, of counsel) for defendant-appellant.

Large, Reno, Zahm and Folgate, of Rockford (Ralph S. Zahm and Robert K. Skolrood, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

Defendant Lamont Williams appeals from a judgment of the Circuit Court of Winnebago County, Illinois. Trial was had without a jury.

This cause of action was before the Second Division of this Court on the pleadings. Seaburg v. Williams, 16 Ill.App.2d 295, 148 N.E.2d 49.

The issue before the court on that appeal was whether a cause of action for a non-negligent tort or pure-tort may be maintained in Illinois against a minor of the age of six years or under. The court concluded that an allegation charging a minor then of the age of five years and eleven months with "tortiously and wrongfully set fire to plaintiff's said two-car garage causing said garage and above mentioned items of personal property therein contained to be totally burned and destroyed . . ." stated a legally sufficient cause of action. It was further stated in that opinion that unless the minor is not capable of possessing the intent to do the act which he is alleged to have done then the charge must be regarded as legally sufficient.

The court then went on to say, "Without presuming to know all of the capabilities or limitations of the mind of a six year old, nevertheless, we cannot say that a six year old child is incapable of intending to set fire to a building. Whether a six year old minor had such intent is a question of fact . . . ."

The opinion points out that no count of the complaint was based on negligence and nothing therein was said in that regard. We interpret the opinion to hold that a minor child of this age may be charged with and be liable for intentional or non-negligent conduct if the mental condition of the minor is sufficient to render him capable of intending to commit the act complained of, and that such capacity to intend to do the act is a question of fact.

██ This question of law having been decided on the prior appeal is conclusive and binding in subse-

27

quent proceedings in the court below and on this court. Crozier v. Freeman Coal Min. Co., 363 Ill. 362, 2 N.E. 2d 293; People ex rel. Kastning v. Militzer, 301 Ill. 284, 133 N. E. 761; Meyer v. Meyer, 333 Ill. App. 450, 77 N.E.2d 556; Sacks v. American Bonding Co. of Baltimore, 348 Ill. App. 389 Abst., 108 N.E.2d 821; People ex rel. Powell v. Board of Education of Chicago, 348 Ill. App. 390 Abst., 108 N.E.2d 814.

Upon remandment to the lower court after hearing as aforesaid, the judgment was entered on Count I which alleged inter alia "On the date aforesaid, defendant tortiously and wrongfully set fire to plaintiff's two-car frame garage causing said garage and the above mentioned items of personal property therein contained to be totally burned and destroyed, except certain concrete portions of said garage building. . . ."

The trial court's judgment-order made the following findings of fact:

"That the defendant at the time of the occurrence in question was five years and eleven months of age;

"That the defendant did on the 13th day of January, 1956, intentionally set fire to a pile of newspapers in plaintiff's garage;

"That the defendant was guilty of negligence in igniting the papers in plaintiff's garage when he knew or in the exercise of ordinary care should have known that if he ignited the papers the damage to plaintiff's garage would probably result;

"That the negligence of defendant was the proximate cause of the damage to and destruction of the plaintiff's garage;

". . ."

The pertinent facts as disclosed from the abstract of the evidence are that the defendant was on the date of the occurrence five years and eleven months of age. On two or three occasions while his mother was sick

28

he had burned papers for her, which occasions were the only time he had ever used matches, that on a previous occasion he had seen a stack of papers in the plaintiff's garage, that on the occasion in question he thought he would help out Mr. Seaburg as he had his mother and burn the papers. He obtained the matches from the kitchen cupboard and lit the papers in the plaintiff's garage, and then left to play with his neighborhood friends. He was unaware that the garage had caught on fire until he heard a cracking noise, and then he went home and told his mother what had happened.

The defendant further testified, in answer to the question of what he thought might happen to Mr. Seaburg's garage if he set fire to the papers, "Well, I wasn't thinking about the garage at that time." He stated he had never seen a building burn down before that time, that when he lit the matches for the papers he did not think it might burn the garage down. He stated he did not know that if he lit the papers the wood in the garage might catch fire.

The defendant further on cross-examination stated that he had seen his brother light the fire in the fireplace by touching a match to papers and that would catch onto the wood and start the fire, and that he had been told not to play with matches as he might set something on fire. The defendant's brother testified that only coal was burned in the fireplace on holiday occasions and that neither kindling wood nor fireplace logs were used.

The judgment in this case is based upon findings both outside the scope of the pleadings and the law of the case as announced in the prior appeal and must be reversed.

The trial court found that the intentional setting fire to the papers was a negligent act which the plaintiff in the exercise of ordinary care should have fore-

■■■

seen would result in damage to the plaintiff's garage and that such negligence was the proximate cause of the damage.

■ The judgment was based on findings of negligence which cannot be supported by the pleadings which the court on the prior appeal characterized as, "In short the tort alleged must be considered to have been an intentional or non-negligent one." It cannot be said that the issues were enlarged by the evidence since the same evidence would be admissible under an allegation of negligence or intentional tort. Since only a non-negligent, intentional, or pure-tort was alleged, the plaintiff may recover, if at all, only on the cause of action stated in his complaint.

■ In Fornoff v. Smith, 281 Ill. App. 232, it was said, "It is a fundamental rule, with no exceptions, that a party must recover, if at all, on and according to the case he has made for himself by his pleadings. He cannot make one case by his averments, and have judgment on another and different ground, even though the latter is established by the proof. Feder v. Midland Casualty Co., 316 Ill. 552; Moss v. Johnson, 22 Ill. 633; Lake St. El. R. Co. v. Shaw, 203 Ill. 39." To like effect; Chicago, R. I. & P. R. Co. v. Urbaniac, 106 Ill. App. 325.

Appellant again urges this court, because of the findings in the judgment-order, to hold that a minor under the age of seven years is conclusively presumed to be incapable of negligent conduct. While we would not be precluded from passing on this question as it was not before this court on the prior appeal and is not a part of the law of the case as remanded to the trial court, yet we feel that upon the pleadings and the record presented by this appeal, anything said in that regard would be obiter dictum.

■ However, we do hasten to say that in a case properly presenting that question that we would have

30

no hesitancy in holding that a minor under the age of seven years is conclusively presumed to be incapable of negligent conduct for the same reasons assigned for holding that a minor of the same age is conclusively presumed to be incapable of contributory negligence.

The findings in the judgment order in fact negative any intention to set fire to the garage and itemized items of personal property therein as alleged in the complaint. We note that the papers were not a part of the itemization of the personal property alleged to have been damaged.

Neither do we feel that the evidence would warrant a finding that the defendant was capable of intending to set fire to the garage or personal property alleged to be damaged.

■ Based upon the evidence of defendant's age, capacity, intelligence and experience, we conclude that he lacked the mental and moral capacity to possess the intent to do the act complained of.

The judgment of the Circuit Court of Winnebago County is reversed with judgment here for the defendant.

Reversed with judgment here.

McNEAL, J., concurs.

DOVE, J., dissents. The trial court was, and this court is, bound by the conclusion arrived at when this case was previously before this court. (Seaburg v. Williams, 16 Ill.App.2d 295). In my opinion the judgment, therefore, should be affirmed.