CLEVELAND PARK CLUB, a District of Columbia corporation, Appellant,

v.

Scott PERRY, Appellee.

No. 2619.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 12, 1960.

Decided Nov. 16, 1960.

---

James E. Hogan, Washington, D. C., with whom Arthur J. Hilland and Ferdinand J. Mack, Washington, D. C., were on the brief, for appellant.

Sol Friedman, Washington, D. C., with whom Leonard L. Lipshultz, Washington, D. C., and Hyman L. Rosenberg, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

The Cleveland Park Club, a private social club which operates a swimming pool for the benefit of its members, sued a nine-year-old boy for damages caused by him. While playing in the water the child swam to the bottom of the pool, a depth of seven feet, and according to his own testimony raised a metal cover over a drain opening and thinking that there was no suction at the time, inserted a tennis ball into the pipe, then replaced the cover. When he returned to get the ball it was gone. As it developed, the ball passed into a critical part of the pipe and caused failure of proper drainage, forcing the club to close the pool and make repairs. The club sued for the cost of these repairs, and from an adverse judgment brings this appeal.

The suit was based on the theory of trespass and the club requested a directed verdict, maintaining that from the child's own admissions a trespass had been committed and that he should be held liable without regard to his age. Counsel for the child resisted that contention by stating he was not willing to concede the right of the club to proceed on a willful tort theory as distinguished from negligence where the age of the child would have a direct bearing on the applicable law. The court ruled that it believed the age of the child was a factor to be considered in the case and denied the club's motion for a directed verdict.

It was also the position of the child's counsel that the boy could not have been a trespasser because the club's lifeguards had on occasion seen boys playing with the drain cover and had failed to take adequate steps to prevent this. The argument advanced was that failure to keep children away from the drain constituted an implied consent to the child's act, and if the child did not act beyond the scope of the club's invitation then he could not be classified a trespasser.

In submitting the case to the jury the court stated that the issue was whether or not the child was a trespasser. The instructions given to the jury were primarily concerned with the scope of the invitation and whether the club had consented to the purported trespass, except that in discussing the question of trespass it used the following language:

"In determining whether or not the defendant is a trespasser, you shall also keep in mind the rule that in cases of tort, * * * liability attaches regardless of age, where the nature of the act is such that children of like age would realize its injurious consequences."

Before commenting on the sufficiency of the instructions we believe that the applicable law, supported by the authorities, is that a child is liable for his torts as if he were an adult, except where his tender years preclude him from framing the mental attitudes necessary to complete the tort in question.[1] In cases of tort which require malice as an essential element, for example, a very young child may be considered as a matter of law incapable of entertaining the requisite evil intent and no liability would attach to his act.[2] Also, in the broad area of negligent torts, the age of a child may prove to be a mitigating factor for he is there held liable only where he has failed to exercise a degree of care equal to that which governs the ordinary child of comparable age, knowledge and experience.[3]

Where, however, the cause of action is based on trespass the cases hold

1. Annotation, 67 A.L.R.2d 570; 1 Harper & James, Torts, § 8.13; Prosser, Torts, § 109; 27 Am.Jur., Infants, §§ 90, 91.

2. Munden v. Harris, 153 Mo.App. 652, 134 S.W. 1076; Annotation, 67 A.L.R.2d 570, 575; 27 Am.Jur., Infants, § 91.

3. Singer v. Marx, 144 Cal.App.2d 637, 301 P.2d 440; Ellis v. D'Angelo, 116 Cal.App. 2d 310, 253 P.2d 675; Kuhns v. Brugger, 390 Pa. 331, 135 A.2d 395, 68 A.L.R. 2d 761.

unequivocally that since recovery under that theory is based on force and resultant damage regardless of the intent to injure, a child of the most tender years is absolutely liable to the full extent of the injuries inflicted.[4] The rationale of this position is that the purpose of civil law looks to compensation for the injured party regardless of the intent on the part of the trespasser. While the age of the child will not protect him from liability if his act is denominated a trespass, yet as trespass is an intentional tort[5] an initial determination must be made whether the child concerned formed the intent to do the physical act which released the harmful force. It cannot be said as a matter of law that a child of any age is incapable of intending to do a physical act, and whether he had such intent or whether his action was the result of negligence is a factual question where the child's age, experience and knowledge may also be taken into consideration.[6]

■ Returning to the instructions given in this case, we believe that two distinct factual issues were intended to be submitted to the jury. The first was whether the child was capable of forming the necessary intent to perform the physical act that released the harmful force, and thus be classified as a trespasser. According to the authorities, this question, which is basically a determination of whether the tort was intentional or negligent, takes into account the child's age. The second factual question, assuming that the first was resolved by a finding that the tort was intentional, was whether the consent of the club vitiated the effect of the intentional act; and the outcome of this issue cannot depend in any way on the age of the child. We are of the opinion that the instructions of the court did not distinguish for the benefit of the jury the duality of these issues, and when age may be considered in one and not the other. The instructions began with a definition of a trespasser and the effect of consent, continued with the quoted instruction which is erroneous in itself as it does not point out to the jury that they are merely to ascertain if the child possessed the capability to perform the physical act intentionally without regard to knowledge of possible injurious consequences, and blended back to instructions concerning the scope of the invitation.

■ On the ambiguity and error in the instructions alone we believe that the club is entitled to a new trial, but we think an additional comment must be made in view of the circumstances of this case. In a case where plaintiff relies on a theory of intentional tort in order to avoid the age factor of the child which would weigh heavily in a negligence case, we have noted that the courts refuse to find as a matter of law that a child of tender years is incapable of committing the physical act which caused the injury, and generally leave the presence or absence of such intent to be resolved by the jury. Such cases usually involve a simple, uncomplicated act on the part of the child. We do not think the converse of the rule necessarily follows, that is, we do not think that it could never be held as a matter of law that a particular child was not fully capable of entertaining the requisite intent where the evidence was overwhelming. Where, as here, the act of the child is comprised of several rather difficult interrelated steps, having but one obvious objective in mind we think it unrealistic to suppose such behavior could be the result of negligence. Again we should point out that the intent controlling is the intent to complete the physical act and not the intent to produce injurious consequences, for in relying on

---

4. Huchting v. Engel, 17 Wis. 230, 84 Am. Dec. 741; Scott v. Watson, 46 Me. 362, 74 Am.Dec. 457; Annotation, 67 A.L.R.2d 570. See also Munden v. Harris, supra.

5. 52 Am.Jur., Trespass, § 7; Restatement, Torts, § 158.

6. Ellis v. D'Angelo, supra; Seaburg v. Williams, 16 Ill.App.2d 295, 148 N.E.2d 49, 67 A.L.R.2d 562, retrial reversed, 23 Ill.App.2d 25, 161 N.E.2d 576; Garratt v. Dailey, 46 Wash.2d 197, 279 P.2d 1091.

the intentional tort of trespass the latter is irrelevant.[7]

We conclude that the court was correct in not directing a verdict for the club as the issue of consent was properly a jury question. But insofar as the nature of the child's act is concerned we hold it was clearly intentional, and this issue should not have been submitted to the jury at all. Therefore, retrial of this cause should be confined to the issue of consent. We approve of the disposition made by the court on other issues assigned by the club as error.

Reversed for further proceedings not inconsistent with this opinion.

Chief Judge ROVER, who wrote the foregoing opinion, died before its publication.

---

7. See Baldinger v. Banks, Sup., 201 N.Y.S.2d 629, for a recent application of this theory.