STATE *vs.* JOHN WELFORD.

APRIL 7, 1909.

PRESENT: Dubois, C. J. Blodgett, Johnson, Parkhurst and Sweetland, JJ.

(1) *Criminal Pleading. Unlawful Operation of Motor Vehicle.*

Criminal complaint under Pub. Laws cap. 1592, of May 26, 1908, charged that defendent did unlawfully operate a motor vehicle recklessly, and while doing so ran into a team so as to endanger the life and limb of complainant:—

*Held*, that disregard of or inattention to the duty of obeying the laws regulating the use of such vehicles constituted *unlawfulness* and *recklessness*, and such words in the·complaint were descriptive of the manner in which defendant drove the vehicle as set out therein, and negatived any inference that the collision was an innocent accident, and the offence was sufficiently alleged.

(2)   *Motor Vehicles.   Evidence.   Criminal Complaint.*

In a criminal complaint charging unlawful operation of a motor vehicle, testimony as to the speed of the defendant immediately after the accident was properly admitted, as tending to show guilty knowledge by the fact of his running away after committing the offence.

(3)   *Motor Vehicles.   Evidence.   Criminal Complaint.*

In a criminal complaint charging unlawful operation of a motor vehicle, testimony as to whether a horn was blown, or any warning given by the vehicle, was properly admitted, for the purpose of ascertaining a component part of the history of the collision.

(4)   *Criminal Complaint.   Evidence.   Motor Vehicles.*

In a criminal complaint charging unlawful operation of a motor vehicle, testimony tending to prove the speed at which the vehicle approached the wagon collided with just prior to the collision was properly admitted as incidental to the collision.

CRIMINAL COMPLAINT. Heard on exceptions of defendant, and overruled.

DUBOIS, C. J.   This is a criminal complaint in two counts, brought before the District Court of the Third Judicial District.

The material portion of the first count reads as follows: "that at said Town of Westerly with force and arms on the 1st day of August, A. D. 1908, in the night season of said day, John Welford, alias John Doe, commorant of said Westerly, did unlawfully operate a certain motor vehicle on a certain public highway in said Westerly, to wit the Watch Hill Road, so called, recklessly, and in operating said motor vehicle recklessly as aforesaid then and there ran and drove said motor vehicle into and against a certain team then and there being driven by the complainant, on said highway; so as to then and there endanger the life and limb of said complainant against the statute and the peace and dignity of the State."

The defendant filed his demurrer to both counts in said

District Court, which overruled the same and upon trial adjudged the defendant guilty. The defendant took an appeal to the Superior Court, which overruled his demurrer to said first count and sustained his demurrer to the second count of said complaint. The defendant excepted to the decision of the Superior Court in overruling his demurrer. The overruled demurrer reads as follows:

"1. That said count does not charge the offence with sufficient clearness and distinctness to notify the defendant specifically for what he is to be tried.

"2. That said count does not state in what the 'unlawfulness' in operating said motor vehicle consisted.

"3. That said count does not state the manner or method of operating said motor vehicle which the complainant calls 'reckless.'

"4. That the facts stated in said count do not, as stated therein, constitute an offence against the statute."

Upon trial before said Superior Court with a jury, the defendant was found guilty and moved for a new trial, which motion was denied by the Superior Court, and the defendant duly excepted to said decision. The case is now before this court upon the defendant's bill of exceptions, which is based upon the following grounds:

"1. That the Court erred in not sustaining the defendant's demurrer to the first count in said complaint for the reasons stated in said demurrer, which are made a part hereof.

"2. That the Court erred in denying the defendant's motion for a new trial.

"3. That the Court erred in admitting the question No. 8 and the answer thereto, found on page 18 of the transcript of testimony.

"4. That the Court erred in admitting the question No. 227 and the answer thereto, found on page 44 of said transcript.

"5. That the Court erred in admitting the question No. 7 and the answer thereto, found on page 54 of said transcript.

"6. That the Court erred in admitting the question No. 12 and the answer thereto, found on page 55 of said transcript.

"7. That the Court erred in admitting the question No. 13 and the answer thereto, found on said page 55.

"8. That the Court erred in refusing to direct the jury to return a verdict for the defendant as requested on page 85 of said transcript.

"9. That the verdict is against the law and the evidence, and should have been for the defendant."

(1)    The first exception depends upon the validity of the demurrer to the first count of the complaint. The substance of the demurrer is that the offence is not charged specifically, as required by the rules of criminal pleading. See *State* v. *Pirlot*, 19 R. I. 695. Pub. Laws cap. 1592, § 11, passed May 26, 1908, *inter alia*, provides as follows: "No person shall operate or cause to be operated a motor vehicle on the public highways of the state recklessly . . . or so as to endanger . . . the life or limb of any person ." . . . Section 12 of the same act prescribes certain precautions to be taken by the operators of motor vehicles, while using the public highways. It is the duty of operators of motor vehicles to obey the laws regulating the use of such vehicles. Disregard of or inattention to such duty constitutes unlawfulness and recklessness. The words "unlawfully" and "recklessly" in the complaint are descriptive of the manner in which the defendant drove the motor vehicle into and against the team driven by the complainant on the highway so as to endanger his life and limb. They negative any inference that the collision was an innocent accident. The facts stated in the count do constitute the offence of operating a motor vehicle on a public highway of the state so as to endanger the life and limb of the complainant. The demurrer was properly overruled, and the exception is without merit.

The second exception is based upon an alleged error of the Superior Court in denying the defendant's motion for a new trial.

The reasons set out in said motion are:

"1. That said verdict is contrary to the evidence and the weight thereof.

"2. That said verdict is contrary to law.

"3. That said verdict is wrong and erroneous in this, that it should have found the respondent not guilty.

"4. That there was a fatal variance in the testimony for the State in this, that it showed that said motor vehicle ran into an express wagon and not into a team as alleged in said complaint."

The first three reasons are invalid; there was ample evidence to sustain the verdict, and the verdict was according to law.

· The fourth reason was not pressed at the argument of the case, and is also without merit.

(2)    The third exception relates to alleged error on the part of the justice of the Superior Court in allowing the following question to be put to the complainant: "How fast was he going, in your judgment?" This related to a time immediately after the accident, when the defendant, according to the complainant's testimony, "put on more speed and went." It would be proper to show that the defendant ran away after committing the offence, as tending to show guilty knowledge. Perhaps the exact speed at which he went away would not be material, but no harm was done in this instance, for the answer was: "How fast was he driving? I couldn't say, not after I got throwed. I didn't know there was anybody behind me until he hit me."

(3)    The fourth exception relates to the ruling of the court in permitting the following question to be asked of the complainant: "Mr. Collins, I think the last question I asked you was if a horn was blown on the auto, or any warning given to you by the auto before it struck your team?" The answer was, "No, sir." The question was properly admitted, not for the purpose of showing that the defendant was guilty of an infraction of the provisions of said statute, but to ascertain a component part of the history of the collision, just as it would be proper to show that both or one, or neither, of the vehicles carried lights, and the condition of the lights as to brightness or otherwise.

The fifth exception relates to a portion of the answer of Lester Giles Taft to the question: "Will you tell what you know about it?" (meaning the collision). The portion ob-

jected to is italicised in the following extract from his narrative: "The machine struck us and I went off on the road, and Mr. Collins—I didn't see him when I got up, but I saw the machine *going thirty or forty miles an hour*, I should judge." The exception is subject to the same criticism as was made in the case of the third exception.

(4)    The sixth exception relates to the speed at which the motor vehicle approached the wagon when it was between fifty and a hundred feet therefrom, and just prior to the collision. The question was: "How fast was it coming then?" And the the answer was "thirty or forty miles an hour." This was properly admitted as incidental to the collision.

The seventh exception related to the sounding of any warning or horn before the collision, and the answer was in the negative. The question and answer were proper, as we have already determined in considering a previous exception.

The eighth exception, that the court erred in refusing to direct a verdict for the defendant, is without foundation. No evidence was introduced by the defendant, and the evidence offered in behalf of the State included sundry admissions of the defendant. It was proper in the circumstances to submit the question of the defendant's guilt or innocence to the decision of the jury under proper instructions by the court. The motion, therefore, was properly denied.

The ninth exception, that the verdict is against the law and the evidence, has already been disposed of.

The defendant's exceptions are therefore overruled, and the case is remitted to the Superior Court for sentence.

*Albert B. Crafts and Harry P. Cross, Assistant Attorney General,* for State.

*John W. Sweeney* for defendant.