### Ross *v.* Stroud.

#### Opinion delivered March 14, 1927.

1. INFANTS—PROOF OF SERVICE OF PROCESS.—In the absence of a showing that a minor defendant was properly served with process in a second action, it was prejudicial error to allow such action to be consolidated with a prior action in which the defendant had appeared and to proceed to trial of the consolidated causes in the absence of the defendant.

2. CONTINUANCE—REFUSAL PREJUDICIAL WHEN.—Where, in an consolidated action, there was no showing of service on a minor defendant in one of the causes, it was error to refuse a continuance requested by the defendant's guardian *ad litem* in order to get in touch with the defendant, who was out of the State.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; reversed.

*V. James Ptak,* for appellant.

WOOD, J. An action was instituted by C. L. Stroud against Jack Ross, a minor, and Renzy Ross, his father. Stroud alleged that, while he was driving his Ford car, in the city of Fayetteville, at a moderate rate of speed, Jack Ross, who was driving another car at a high rate of speed, negligently collided with his car and injured the plaintiff, to his damage in the total sum of $744, for which plaintiff prayed judgment.

Renzy Ross, who was the father of Jack Ross, demurred to the complaint, and the demurrer was sustained by the court as to him. The defendant, Jack Ross, filed an answer, in which he denied specifically the allegations of negligence as set up in the complaint and the damages to the plaintiff as therein alleged; and he alleged that any injury or damage to the plaintiff was caused by his own negligence in driving his car in a reckless manner and with excessive speed.

The trial resulted in a judgment in favor of the plaintiff in the sum of $150. The judgment was afterwards set aside on the ground that no guardian *ad litem* was appointed for the minor. On September 5 the plaintiff filed another complaint against Jack Ross, in which substantially the same cause of action was set up as in the former action. On the 3d of November, 1925, Irving Whitty was appointed guardian *ad litem* for the minor defendant. The guardian *ad litem* filed what is designated as a motion and acceptance of appointment, in which he set up that the defendant was absent from the State, and that it would require several weeks before the guardian *ad litem* could communicate with him and before he could ascertain the facts essential to present the defendant's defense. The record shows that the guardian *ad litem* was directed to file an answer, and he filed same, reserving in his answer his alleged "want of reasonable notice and opportunity to defend." The answer filed contained a formal denial of the material allegations of the complaint.

The causes were consolidated for trial and were tried before a jury, resulting in a verdict in favor of the plaintiff in the sum of $894. On motion for a new trial the plaintiff offered to reduce the judgment to the sum of $400. The court entered a remittitur and rendered judgment in favor of the plaintiff in the sum of $400, from which is this appeal.

In *Pinchback* v. *Graves,* 42 Ark. 222-227, we said: "No judgment should be rendered affecting the interests of an infant until after defense by guardian, and this

defense should not be a mere perfunctory and formal one, but real and earnest. He should put in issue, and require proof of, every material allegation of a complaint prejudicial to the infant, whether it be true or not. He is not required to verify the answer, and can make no concessions on his own knowledge. He must put and keep the plaintiff at arm's length. * * * These are wise provisions, and they are so far imperative. I think, too, that a guardian *ad litem* fails in his duty, and does not apprehend the true obligation which he voluntarily assumes, if he contents himself with simply putting in a general denial, as is commonly done, and then leaves the infant to the mercy of the rude stream of the ensuing contest. His interests, after issue, require protection as well as before. Proof may be required in his behalf; witnesses against him may require cross-examination. Points on error must be duly saved.'' See also *Blanton* v. *Davis,* 107 Ark. 1, 8 and 9, 154 S. W. 947.

According to the doctrine of the above cases, the minor defendant's rights were not properly protected at the trial. The answer of the guardian *ad litem* recites that he was required to file the answer by the directions of the court, and this, too, after he had moved the court to grant him a reasonable continuance to get in touch with the minor defendant, who was then out of the State, and that it would require several weeks to communicate with him in order to ascertain the essential facts necessary for his defense. The recitals of the judgment show that the plaintiff was present and announced ready for trial, but that the defendant came not, and that the cause was heard upon the complaint of the plaintiff and the answer of the guardian *ad litem* and the evidence adduced by the plaintiff. The recitals of the judgment do not show that the guardian *ad litem* was present at the trial. The record shows that the original action instituted by the appellee against Jack Ross, a minor, and his father resulted in a judgment in favor of the appellee against Jack Ross in the sum of $150, which judgment was set aside and a new trial ordered. That

action was docketed and proceeded as No. 40 on the docket of the circuit court. Another action, designated No. 72, was then instituted by the appellee against Jack Ross on September 5, 1925, and it is recited on the margin of the complaint that summons was served on the defendant Jack Ross on September 12, 1925. But the record further recites that the minor defendant, through his guardian *ad litem,* appeared only for the purpose of objecting to the service, and moved to quash the same. The record does not show that this motion was acted upon by the court. There is no recital in the judgment of the court or in the record showing that the appellant had been duly served with process in the last action instituted against him, No. 72. Taking all the recitals of the record together, there is no showing that the appellant was ever properly served with process in the last action instituted against him. The court therefore erred in allowing this cause to be consolidated with action No. 40 and in proceeding to the trial of the consolidated causes without the presence of the minor defendant. Under the showing made in the answer of the guardian *ad litem* in action No. 72, in which he expressly reserved "to the defendant, Jack Ross, all his rights herein of reasonable notice and opportunity to defend," we are convinced that the trial court should have granted the motion of the guardian *ad litem* for a continuance of the cause. There is nothing in the record to show proper service on the minor defendant, Jack Ross. Even if it could be said that the minor defendant was served with summons, still the record does not show that the guardian *ad litem* appeared for him at the trial and made a real defense. Our conclusion therefore is that the judgment rendered by default against the minor defendant was erroneous and prejudicial to his rights. The judgment is therefore reversed, and the cause will be remanded with directions to have service of summons upon the appellant, Jack Ross, in action No. 72, and for a new trial of the consolidated causes.