MOORE *v.* WILSON.

Opinion delivered October 7, 1929.

42

*Berry, Berry & Berry*, for appellant.

*J. C. Brookfield*, for appellee.

MEHAFFY, J. The appellees brought suit in the Crittenden Circuit Court against the appellant, James Moore, and Mrs. J. C. Moore, for damages which they alleged were caused by the negligence of James Moore in driving his automobile, and running into and striking the automobile in which the plaintiffs were riding.

It is unnecessary to set out the evidence, because the record fails to show that James Moore, a minor, was served with process. The record shows that complaint was filed and summons issued and directed to the sheriff, but it does not show that the appellant had been served with process.

"There is no recital in the judgment of the court or in the record showing that the appellant had been duly served with process in the last action instituted against him, No. 72. Taking all the recitals of the record together, there is no showing that the appellant was ever properly served with process in the last action instituted against him. The court therefore erred in allowing this cause to be consolidated with action No. 40 and in proceeding to the trial of the consolidated causes without the presence of the minor defendant. Under the showing made in the answer of the guardian *ad litem* in action No. 72, in which he expressly reserved 'to the defendant, Jack Ross, all his rights herein of reasonable notice and opportunity to defend,' we are convinced that the trial court should have granted the motion of the guardian *ad litem* for a continuance of the cause. There is nothing in the record to show proper service on the minor defendant, Jack Ross." *Ross* v. *Stroud*, 173 Ark. 66, 291 S. W. 996.

"An infant can neither acknowledge nor waive the regular service of process upon him, though in some instances a regular service of summons slightly irregular in form was held to be a substantial compliance with the statute, and sufficient to give jurisdiction. * * * It is held in most of the cases that the lack of service of the infant is a fatal, because jurisdictional, defect, and cannot be cured by the appointment of a guardian *ad litem* and his making actual defense for the infant; and this ruling seems consistent with the lack of power on the part of the guardian to bind the infant by his admissions or stipulations. A few courts have held, however, that even a lack of legal service does not render the judgment void, if the infant appeared, a guardian was appointed, and a proper defense was in fact made." 14 R. C. L. 284.

"It seems that the minor joined in the application here for an appeal, but, if not *sui juris,* he cannot be bound by that, and probably his name was included *pro forma.* The decrees must be reversed and the cause remanded to give the defendant, Robt. L., day in court. He must be served by some appropriate mode, have a guardian *ad litem* appointed after service, who must put in an answer, denying all material allegations of the bill." *Freeman* v. *Russell,* 40 Ark. 56.

"But there is nothing in the record to show that there was any service of summons upon these minor defendants. This being a direct attack upon the judgment by appeal, the same presumptions in favor of the regularity of the judgment do not arise as in a collateral attack. If the record does not recite or show service upon the minor defendants, we must take it that no summons was issued to or served upon them. The court had no right to appoint a guardian *ad litem* until after service of summons upon the infant defendants; and the guardian *ad litem* had no right to enter their appearance by filing an answer in the absence of such service." *Gannon* v. *Moore,* 83 Ark. 196, 104 S. W. 139.

"The rights of infants can in no case be judicially affected, except upon proper issues and proof, and upon statutory service, where they are defendants, and ought not to be upon their own application by next friend or guardian, without reference to the master or the chancellor's own careful examination, to ascertain whether or not the thing asked be really for the benefit of the infant." *Evans* v. *Davies,* 39 Ark. 235; *Haley* v. *Taylor,* 39 Ark. 104.

"No judgment should be rendered affecting the interests of an infant until after defense by guardian, and this defense should not be a mere perfunctory and formal one, but real and earnest. He should put in issue, and require proof of, every material allegation of a complaint prejudicial to the infant, whether it be true or not. He is not required to verify the answer, and can make no concessions on his own knowledge. He must put and keep the plaintiff at arm's length." *Pinchback* v. *Graves,* 42 Ark. 222.

A guardian *ad litem* was appointed by the court to defend in this case, and specifically denied every material allegation, and did all that he was required under the law to do or that could be expected of him. In fact, there is no doubt but that a genuine defense was made. But the statute authorizing the appointment of a guardian *ad litem,* among other things, provides: "The appointment cannot be made until after the service of summons in the action." Section 1114, Crawford & Moses' Digest.

It will be observed that the statute says "until after service." The only way we can tell whether service was had is by the record, and there is no recital in the record showing service of summons in this case. 31 C. J. 1130.

It may be that summons was served on the appellant. It probably was, but there is no such recital in the record, and the court cannot assume that summons was served because the record shows that one was issued. In fact, no guardian *ad litem* can be appointed under our statute until the summons has been served. However, this

court has decided that, since the purpose of the appointment is to have a real defense made for the infants, although the guardian *ad litem* was appointed before service had on the infant, the case will not be reversed where it appeared that the guardian filed a sufficient answer after service on the infants. *Bostleman* v. *Hinkle,* 152 Ark. 628, 239 S. W. 30.

It is next contended by the appellant that infants are not liable for torts in cases of this character. It has been many times held by this court, as well as other courts, that a minor is liable for injuries caused by his negligence. 31 C. J. 1093.

"It is well established that an infant is liable for his torts in the same manner as an adult. Hence infancy is no defense to an action *ex delicto* for assault, etc. Neither will infancy constitute a valid defense to an action for libel, for slander, for negligence, for seduction, or for trespass." 22 Cyc. 618; 31 C. J. 1090; *Lytle* v. *State,* 17 Ark. 608; *Watson* v. *Billings,* 38 Ark. 281; *Worthen* v. *Ratcliff,* 42 Ark. 330.

Appellant, however, contends that an infant cannot be liable for punitive damages, and quotes from 8 R. C. L. 595, as follows: "Exemplary damages are not recoverable against infants or persons of unsound mind, even though such persons are liable in compensatory damages for their torts."

But in a note to the above section we are referred to "Infants" in 14 R. C. L., and we find the rule there stated as follows:

"As the general rule applicable to contracts is that the infant is not liable thereon, so the general rule in the law of torts is that he is liable. Liability in a civil action is imposed not as a mode of punishment, but of compensation. If property has been destroyed or other loss occasioned by a wrongful act, it is just that the loss should fall upon the estate of the wrongdoer rather than on that of a guiltless third person, and that without reference to the question of moral guilt. Consequently, for

every tortious act of violence or other pure tort, the infant tort-feasor is liable in a civil action to the injured person." 14 R. C. L. 259, § 36.

And while infants are not usually liable for punitive damages, it is because they are not criminally responsible. But an intelligent young man the age of this young man may be responsible for punitive damages the same as an adult person.

A majority of the court are of the opinion that the evidence is insufficient to justify a verdict for punitive damages. The law as to the sufficiency of the evidence on the question of punitive damages is, however, well settled by the decisions of this court.

"We think error was committed in submitting the question of liability for punitive damages, and the judgment therefor must be set aside. The testimony warranted a finding of the grossest negligence; but this court is thoroughly committed to the doctrine that negligence alone, however gross, is not sufficient to justify the award of punitive damages." *St. L. S. W. R. Co.* v. *Owings,* 135 Ark. 56, 204 S. W. 1146; *St. L. I. M. & S. R. Co.* v. *Dysart,* 89 Ark. 261, 116 S. W. 224.

The court directed a verdict in favor of Mrs. Coates, and from that there is no appeal. Therefore Mrs. Coates is no longer a party to the suit.

Because the record does not show that the minor was served, the judgment is reversed, and the causes remanded for a new trial.