Annette MILLER *v.* Vanessa Dawn TIPTON
et al

80-262                              611 S.W. 2d 764

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*Henry & Walden*, by: *Troy Henry*, for appellant.

*Reid, Burge & Prevallet*, by: *Donald E. Prevallet*, for appellees.

RICHARD B. ADKISSON, Chief Justice. Appellant, plaintiff, filed suit for damages to her automobile alleging that such damages were sustained in a two-car collision caused by certain negligent acts of the defendant. This appeal is from a judgment granting appellee's motion for a directed verdict.

The collision occurred at the intersection of East Nettleton Avenue and State Highway No. 1 in the city limits of Jonesboro. It is stipulated that each of the intersecting streets contained four lanes of traffic, two going each way, with an additional left-turn lane. Although all lanes for each street had signal heads in place at the time of the occurrence, the signals controlling the left-turn lanes had recently been installed and were inoperable.

Appellant's son, Stephen Carl Miller, was traveling west on East Nettleton Avenue in the left-turn lane just prior to the collision. And, it is undisputed that the traffic signals

controlling the two through lanes on East Nettleton Avenue were red at this time. The collision occurred when appellee, traveling north in the curb lane of State Highway No. 1, struck appellant's automobile which was protruding approximately six feet into that lane.

Appellant relies upon two points for reversal on appeal: (1) it was error to grant appellee's motion for directed verdict, and (2) it was error for the court to exclude witness Cathy Cantrell's description of the speed of appellee's automobile.

First, we consider the propriety of the court directing a verdict for the appellee. To determine whether there was sufficient evidence from which the jury could have found for the plaintiff, we review the testimony in the light most favorable to the party against whom the verdict was directed and will disregard any conflicting testimony which could have been rejected on the basis of credibility.

Officer McDaniel of the Jonesboro Police Department principally testified as to the physical characteristics of the intersection at the time of the accident. He stated that there were utility poles, ten inches in diameter, and several sign posts located in a raised median to the left of the appellant's vehicle as it faced west in the left-turn lane of East Nettleton. McDaniel stated, however, that he did not get into his police car and sit like Stephen Miller sat to determine whether or not a person could see through those poles. He further said it was clear, dry, and still daylight at the time of the accident.

The appellant's son, Stephen Carl Miller, testified to the events leading up to the collision. He said he pulled up into the left-turn lane and stopped after seeing that the through-lane lights were red. He then noticed the signal controlling his turn lane was not functioning and, assuming that it would normally be his time to turn, started "creeping ... slowly ... looking past the utility poles that obscured" his vision. He looked up and down the road and, seeing no traffic looking up Young Road, looked to the left to see if there were any cars that could hit him from that direction. Miller stated that as he was looking "All I could

see [immediately preceding the crash] . . . was a blur and a grill and red paint," which was Miss Tipton's car. He said that appellee was in her proper lane of traffic speeding down the road, and "going too fast, not normal, wasn't normal at all."

The only disinterested eyewitness to the accident was Cathy Cantrell. She first testified that she had never met either of the parties. She stated that, at the time of the occurrence, she was stopped in the east-bound left-turn lane on East Nettleton facing Stephen Miller's car. She saw Miller pull up and start to go; then she saw him stop and get hit shortly thereafter. She stated that appellee, Tipton, was traveling in the curb lane, and made no attempt to avoid the collision. She said Tipton was going over 45 miles an hour, and then stated, "45 isn't very fast . . . it's down there in the low numbers; she was moving on."

In *O'Brian* v. *Primm*, 243 Ark. 186, 419 S.W. 2d 323 (1967), we quoted from *St. Louis Southwestern Railway Co.* v. *Farrell, Admx.*, 242 Ark. 757, 416 S.W. 2d 334 (1967), where we stated the test for reviewing the correctness of directed verdicts:

> [A] directed verdict for the defendant is proper only when there is no substantial evidence from which the jurors as reasonable men could possibly find the issues for the plaintiff. In such circumstances, the trial judge must give to the plaintiff's evidence its highest probative value, taking into account all reasonable inferences that may sensibly be deduced from it, and may grant the motion only if the evidence viewed in that light would be so insubstantial as to require him to set aside a verdict for the plaintiff should such a verdict be returned by the jury.

We have defined substantial evidence as evidence which is "of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture." *Jones* v. *State*, 269 Ark. 119, 598 S.W. 2d 748 (1980).

After the testimony of these witnesses, appellant submitted an instruction under Ark. Stat. Ann. §75-601 (Repl. 1979) requesting the court to instruct the jury that the speed limit was 30 miles per hour on State Highway No. 1. The court correctly refused to give this instruction since there was no proof as to the speed limit. The court erred, however, in granting defendant's motion for a directed verdict, there being substantial evidence from which the jury could find for the plaintiff.

The second argument raised for reversal is the trial court's rejection of eyewitness Cathy Cantrell's testimony that appellee was "going like a bat out of hell" prior to the collision. The trial court correctly excluded this testimony from the jury. It was speculative and was not helpful to a clear understanding of the testimony or to a determination of a fact in issue. Rule 701, Uniform Rules of Evidence, Ark. Stat. Ann. §28-1001 (Repl. 1979).

Reversed and remanded.