FARM BUREAU MUTUAL INS. CO. OF ARKANSAS,
INC. *v.* James HENLEY et al

81-187                                                    628 S.W. 2d 301

Supreme Court of Arkansas
Opinion delivered February 16, 1982
[Rehearing denied March 22, 1982.]

*Butler, Hicky & Hicky, Ltd.,* by: *Stephen A. Routon,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* for appellees Henley.

*Daggett, Daggett & Van Dover,* for appellees Dane.

RICHARD B. ADKISSON, Chief Justice. At the close of appellant's case, the St. Francis County Circuit Court directed a verdict in favor of the appellees on all three counts of appellant's complaint. On appeal we reverse in part and affirm in part.

On August 30, 1975, appellees Gene Dane and David Henley, both six years old, were playing close to the trash bins of a gift shop, Cricket on the Hearth, in Forrest City. The boys began to light matches and throw them into a trash bin, starting a fire. The boys then threw dirt on the fire to put it out and returned home. Unfortunately, the fire continued

to burn and spread from the trash bin to the gift shop, causing considerable damage. Appellant insurance company paid for the damage and now brings suit to recover the amount of the loss.

I

The first count of appellant's complaint alleged that the appellees' parents were negligent in the supervision of their minor sons. The trial court directed a verdict on this count, ruling the evidence was insufficient.

The issue of negligent supervision was thoroughly discussed in *Bieker v. Owens,* 234 Ark. 97, 350 S.W. 2d 522 (1961) where we stated:

> Since each human mind and personality is exclusively that of the individual possessing it, it would be unreasonable to place an absolute responsibility for the acts of another on any person. But where the parent (1) has the opportunity and ability to control a minor, and (2) has knowledge of the tendency or proclivity of the minor to commit acts which could normally be expected to cause injury to others, and (3) after having such opportunity, ability and knowledge has failed to exercise reasonable means of controlling the minor or appreciably reduce the likelihood of injury to others because of the minor's acts, the parent should be made to respond to those who have been injured by such acts of the minor. . . .

We then stated that the parent is not liable when there is nothing to show any knowledge by the parent of a line of conduct on the part of the child.

In the case before us here, the only evidence on the issue of negligent supervision was the testimony of all four parents. Although both the Henleys and the Danes had the opportunity and ability to control their sons, this testimony failed to show they knew or should have known that their sons had a tendency to commit injurious acts. Mrs. Henley testified that she had never received a complaint about David

destroying property, that to her knowledge David did not carry matches, and that she had not had any problems with him in this regard. Mr. Henley testified that David might have been around fireworks, but to his knowledge David had never played with matches; also, he stated that he had never received complaints about David's character or conduct.

Mrs. Dane testified that she kept matches in a drawer three feet off the floor, but that she had not known Gene to play with matches prior to this incident. Mr. Dane testified that nothing had ever come up to cause him to give Gene a lecture about matches; that Gene carried the trash out to a barrel but had never set it on fire because he was not permitted to use matches.

As to the sufficiency of the evidence, the test for the trial court in ruling on a motion for a directed verdict by either party is to take that view of the evidence that is most favorable to the non-moving party and to give it its highest probative value, taking into account all reasonable inferences deducible from it; after viewing the evidence in this light, the trial court should: (1) grant the motion only if the evidence is so insubstantial as to require that a jury verdict for the non-moving party be set aside, or (2) deny the motion if there is substantial evidence to support a jury verdict for the non-moving party. *Miller* v. *Tipton,* 272 Ark. 1, 611 S.W. 2d 764 (1981); *O'Brian* v. *Primm,* 243 Ark. 186, 419 S.W. 2d 323 (1967); *St. Louis Southwestern Railway Co.* v. *Farrell, Adm'x.,* 242 Ark. 757, 416 S.W. 2d 334 (1967). Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W. 2d 748 (1980).

Since there is insufficient evidence from which to find negligent supervision on the part of the boys' parents, the trial court is affirmed in granting a directed verdict on this issue.

## II

The second count of appellant's complaint alleged that

the minor appellees had trespassed upon the property of the owners of the gift shop. The trial court directed a verdict on that issue, stating that a child under seven could not be a trespasser. The trial court based its ruling on *Ark. Power & Light Co.* v. *Kilpatrick,* 185 Ark. 678, 49 S.W. 2d 353 (1932) and *Cooper Adm.* v. *Diesel Ser., Inc.,* 254 Ark. 743, 496 S.W. 2d 383 (1973). *Kilpatrick* did hold that a seven-year-old child could not be a trespasser, but an attractive nuisance was present in that case. *Cooper* seemed to extend the principle that a seven year old cannot be a trespasser to cases in which no attractive nuisance is present. After reconsidering our decisions in those cases, we affirm our holding in *Kilpatrick,* but to the extent that *Cooper* is inconsistent with our decision in this case, it is overruled.

In *Moore* v. *Wilson,* 180 Ark. 41, 20 S.W. 2d 310 (1929) we stated that, as a general rule, an infant is liable for his torts in the same manner as an adult. The Court in *Brown* v. *Dellinger,* 355 S.W. 2d 742 (Tex. 1962) correctly stated:

Where the only intention necessary to the commission of the tort is to perform the physical act in question, as in trespass to property or person, it seems settled that even an infant of quite tender years may be held liable.

We hold that a six-year-old child may be a trespasser which is a question of fact for the jury. Therefore, we reverse on the narrow issue presented.

## III

The third count of appellant's complaint was based on Act 283 of 1975 which provided:

Destruction of property by minors — Liability of parents. — The State, or any county, city, town or school district, or any person, corporation or organization shall be entitled to recover damages in an amount not in excess of One Thousand Dollars ($1,000) in a court of competent jurisdiction from the parents of any minor under the age of eighteen (18) years, living with the parents, who shall maliciously or willfully destroy

property, real, personal or mixed, belonging to the State or any such county, city, town or school district, or any person, corporation or organization.

Based upon the undisputed facts of this case the trial court directed a verdict for appellees on this issue, ruling that the appellees had not acted willfully. (Appellant did not allege the children's actions were malicious.)

"Willfully" within the context of this statute, which must be strictly construed because of its penal nature, means an intent to do the act in question. This definition comports with *Webster's Third New International Dictionary* which defines willful as self-determined, voluntary, and intentional. In this case the evidence is undisputed that appellees willfully threw matches in the trash bin, but this is not to say that they willfully set fire to the gift shop. There is no evidence that the boys actually intended to set fire to the shop. Under these circumstances the damage to the shop may have been the result of their carelessness, but not their willfulness. The trial court's ruling on this issue is affirmed.

Reversed in part; affirmed in part.

HOLT and DUDLEY, JJ., dissent.

FRANK HOLT, Justice, dissenting. I cannot agree with that portion of the majority opinion which holds that the six year old children could be trespassers upon appellant's property and, therefore, the trial court erred in holding otherwise. The majority correctly notes that the trial court, in granting a motion for a directed verdict on this issue, relied upon *Arkansas Power & Light Co.* v. *Kilpatrick,* 185 Ark. 678, 49 S.W. 2d 353 (1932); and *Cooper* v. *Diesel Service, Inc.,* 254 Ark. 743, 496 S.W. 2d 383 (1973). In *Kilpatrick* we said: "Children the age of the injured boy [7], going on other's property, are not trespassers." It is true that case involved an attractive nuisance (an electric substation). In *Cooper,* however, we made it clear that our holding in *Kilpatrick* is not limited to attractive nuisance cases and reaffirmed *Kilpatrick* that a seven year old boy, who goes upon the property of another, is not a trespasser because of

his incapacity as an infant of tender age. As I read *Kilpatrick* and *Cooper,* this court is committed to the rule of law that infants of the tender age of six are incapable of committing trespass. Other jurisdictions support this reasoning. See *Queen Insurance Company* v. *Hammond,* 132 N.W. 2d 792 (Mich. 1965); *Seaburg* v. *Williams,* 161 N.E. 2d 576 (Ill. 1959); *DeLuca* v. *Bowden,* 329 N.E. 2d 109 (Ohio 1975); and *Johnson* v. *Butterworth,* 180 La. 586, 157 So. 121 (1934).

The majority cites *Moore* v. *Wilson,* 180 Ark. 41, 20 S.W. 2d 310 (1929), as authority that an infant, as a general rule, is liable for his tort like that of an adult. That case is inapposite. The minor there was involved in a traffic mishap when driving a car. His age is not specified. The court characterized him as a minor and a "young man."

I would affirm.

DUDLEY, J., joins in this dissent.