James Robert NUNLEY *v.* Doyle ORRELL
and Billy WELLS

84-72                                          670 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered June 4, 1984

*Beth Gladden Coulson,* for appellant.

*Mobley & Smith,* by: *William F. Smith, Jr.,* for appellee.

STEELE HAYS, Justice. This is a damage suit for personal injuries. The single issue raised on appeal is whether the trial court committed reversible error in granting a defense motion for a directed verdict at the end of appellant's proof. We find no error.

The ruling principle, often stated, is that on appeal the evidence of the party against whom a motion for a directed verdict is granted will be given its highest and strongest probative value, with all reasonable inferences allowable. *Farm Bureau Mutual Ins. Co.* v. *Henley,* 275 Ark. 122, 628 S.W.2d 301 (1982). The motion should be granted only when

the proof, viewed accordingly, would not support a verdict. *St. Louis Southwest Railway Company* v. *Britton,* 107 Ark. 158, 154 S.W. 215 (1913).

James Nunley, appellant here and plaintiff below, left home on his motorcycle about 8:00 one morning to attend school. He saw the defendant, Doyle Orrell, pass by some five or ten minutes earlier driving a log truck belonging to the defendant, Billy Wells. Nunley had not gone far when he entered a curve, lost control of his motorcycle and landed in a ditch, sustaining the injuries complained of. He was unable to say what caused the accident. There was both oil and gasoline on the highway at the point where the accident occurred and Nunley's motorcycle was leaking gas and oil as a result of the damage. Nunley found oil on his clothing afterwards, which could have come from the motorcycle. Nunley was going fifty miles an hour when he entered the curve, which was posted by Highway Department signs at a recommended speed of thirty-five miles per hour.

Nunley called Doyle Orrell to the stand to testify that he had developed an oil leak some two miles beyond the point of Nunley's accident and had stopped the log truck immediately when the warning light came on. Orrell summoned help and replaced an oil line and five gallons of oil. The oil line was not merely a leak but a complete break. He had never experienced an oil leak before. He had checked the oil that morning and the truck was not leaking oil when he began his trip. He said the warning signal comes on immediately when a loss of oil pressure occurs and that he stopped immediately when the light came on. He lost a lot of oil when he pulled over. He did not know if he had lost oil on the road, "but there was some there." The truck motor was not damaged by the oil loss and because he was heavily loaded he believed the motor would have been damaged if he had traveled as much as two miles after the leak began. Numerous other trucks were using the highway that morning. Junior Davis drove by the point of Nunley's accident some time later and saw a dark substance covering one lane of the highway which he assumed was oil. He said the oil could have come from the motorcycle or other vehicles.

When Nunley rested, the defending appellees moved for a directed verdict for lack of evidence that either defendant was negligent. The trial judge, sitting as a jury, granted the motion with the comment that there was no proof that the defendants dropped oil at the spot where the accident occurred. He noted that the evidence that oil was there was speculative, and there was nothing to tie the defendants to that oil merely because an oil leak had occurred two miles down the road.

Appellant submits that the trial court failed to give his proof the high probative value which our many cases on the subject call for. The arguments are not convincing. While it might be possible to draw from appellant's proof the inference that it was oil at the site of appellant's accident and, further, that it was oil from the appellees' truck and not from the motorcycle, though such circumstantial evidence as there was was essentially inconclusive. But after surmounting that, two larger obstacles remain: 1) There was no proof from which an inference of negligence could be drawn — that Doyle Orrell failed to exercise due care in that he knew, or should have known, that oil was leaking from his truck; and 2) there was no proof, direct or circumstantial that the proximate cause of the mishap was oil, rather than speed, misjudgment, or some other cause, as the appellant was wholly unable to explain why he lost control of the motorcycle. AMI 203, 301.

Affirmed.