Gary SCOGGINS and Jerriah Scoggins *v.* SOUTHERN FARMERS' ASSOCIATION and Larry Latimer

90-104                                              803 S.W.2d 515

Supreme Court of Arkansas
Opinion delivered February 4, 1991
[Rehearing denied March 4, 1991.]

*Gary Eubanks & Associates*, by: *Gary L. Eubanks* and *James Gerard Schulze*, for appellants.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee Southern Farmers' Assoc.

*Matthews, Sanders, Liles & Sayers*, by: *Marci Talbot Liles* for appellee Larry Latimer.

STEELE HAYS, Justice. This personal injury case arises from a three-way motor vehicle collision. Under icy weather conditions, a Coca-Cola Bottling Company truck going north collided with a southbound automobile driven by Gary Scoggins, sending the Coca-Cola truck into a spin and the Scoggins vehicle onto the

right shoulder. The Scoggins vehicle was followed by a Southern Farmers' Association truck driven by Larry Latimer.[1] In attempting to avoid the jackknifing Coca-Cola truck, Latimer veered to the right where he saw Scoggins in his path. He steered to the left to avoid Scoggins but struck the rear of the Coca-Cola truck and collided with the Scoggins vehicle, rendering Gary Scoggins a paraplegic.

Gary and Jerriah Scoggins sued Coca-Cola, Southern Farmers' Association and Larry Latimer. Just prior to trial, a settlement between Coca-Cola and the Scogginses released Coca-Cola from the litigation and the trial proceeded, resulting in a verdict for the defendants.

On appeal, the Scogginses charge the trial court with two errors: one, in permitting the defendant Latimer to testify as to a safe following distance but refusing to permit the driver of the Coca-Cola truck (Donald Houston) to testify to the same matter and, two, in submitting AMI Civ. 3d 614 (sudden emergency) to the jury over plaintiffs' objection. We hold that AMI Civ. 3d 614 was not inappropriate to the proof and that the evidentiary ruling was within the trial court's discretion. The judgment, therefore, is affirmed.

I

*The Evidentiary Ruling*

As part of the Scogginses' case in chief, portions of the deposition of Donald Houston were read to the jury. The following segment was excluded:

(BY MR. EUBANKS):

Q: "What do you consider to be a safe traveling distance at that particular time out there?"

A: "Well, I believe everybody judges their own."

Q: "I understand that. This is Mr. Matthews' question."

A: "Personally, me, probably three hundred feet."

---

[1] Both trucks were tractor-trailers known as "18 wheelers."

Q: "Three hundred feet. All right, sir. And Mr. Latimer is one hundred and fifty, two hundred feet from you — two fifty — one fifty to two fifty."

A: "Uh-huh."

MR. EUBANKS: And if allowed, the Plaintiff would have also read from Mr. Houston's deposition, commencing at page 45, line 1, and these were my questions:

Q: "You mentioned when you first saw the Scoggins' vehicle you could also see the Latimer tractor trailer rig?"

A: "Yes, sir."

Q. "In the deposition we'll say approximately how far you thought they were, but one more time, how far do you estimate there was between the two vehicles when you first saw them?"

A: "A hundred and fifty, to two hundred and fifty foot."

Q: "Okay. And I believe you estimated that based on the conditions on the road. At that time, you felt that a safe distance was three hundred feet?"

A: "Well, that would be my opinion, not exactly some other driver's opinion."

Q: "Was that your opinion?"

A: "Yes."

A: "I might as well do this now, because we'll do it in the courtroom. Are you telling us that in your opinion he was closer than he should have been under those condition?"

A: "No, sir, I'd say I was closer —" and then there is a dot, dot — "that he'd be closer than I would feel comfortable at, yes."

Q: "But, you're not attempting to make any judgment for him?"

A: "No, sir."

Q: "That's his decision?"

A: "That's his decision. He drives his and, you know, he

has a feel of what he's doing."

Q: "But it was closer than what you felt safe."

A: "Yes."

Appellants' theory of the case is that Latimer was between one hundred fifty and two hundred fifty feet behind Scoggins when the initial impact occurred. Thus, they argue, a crucial issue was whether Latimer was following too closely, and Houston's proffered testimony was probative of a failure by Latimer to keep a safe distance.

### Expert Witness Premise

Appellants maintain that because Houston had driven a truck for thirty-one years, twenty-five of that for Coca-Cola, he was qualified as an expert by knowledge, experience and training to state an opinion as to a safe distance for Latimer's truck. They cite *Dildine* v. *Clark Equipment Co.*, 282 Ark. 130, 666 S.W.2d 692 (1984), for the proposition that in determining whether a witness is permitted to state an opinion as an expert, too rigid a standard should be avoided.

A.R.E. Rule 702 (Testimony by experts) provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

However, it is clear that appellants proffered Houston's testimony not as an expert, but as an opinion by a nonexpert. During an in chambers discussion of this issue, the following occurred:

> THE COURT: Let me ask you this: Are you trying to make this man (Houston) an expert, too?
>
> MR. EUBANKS: No.[2]

■ We think, in effect, the appellants are asking us to

---

[2] Record, p. 428.

decide *de novo* whether Houston was "qualified as an expert by knowledge, skill, experience, training, or education." That we decline to do, if for no other reason than because the issue was not first presented in that context to the trial court. The result is we have no information as to Houston's familiarity with the Latimer vehicle, its braking mechanisms, its cargo weight, or any other relevant factors from which to determine whether Houston was qualified as an expert. That determination must first be made at the trial level and when it is challenged on appeal, the issue is whether the appellant has met the heavy burden of demonstrating that the trial court has abused its discretion. *Sims* v. *Safeway Trails, Inc.*, 297 Ark. 588, 764 S.W.2d 427 (1989). Obviously, we are unable to hold he succeeded where there is no showing that the trial court ever ruled on whether Houston bore the necessary qualifications.

## *Lay Witness Premise*

Whether the testimony should have been admitted as the opinion of a nonexpert witness implicates A.R.E. Rule 701, which provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are ·
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

We find no abuse of discretion in the trial court's ruling. That Houston's proffered testimony was speculative is best demonstrated by his clear reluctance to state what he considered to be a safe following distance for the Latimer vehicle. Appellants have not shown us whether Houston had any familiarity with Latimer's truck or with any of the factors which might bear on Latimer's ability to stop. We see some analogy to *Miller* v. *Tipton*, 272 Ark. 1, 611 S.W.2d 764 (1981), where we upheld as speculative the exclusion of an opinion by a lay witness that the defendant was "going like a bat out of hell." In short, we cannot say the exclusion of Houston's testimony was an abuse of discretion. *White* v. *State*, 303 Ark. 30, 792 S.W.2d 867 (1990).

■ Appellants submit that if Latimer's opinion is admissible, then Houston's should be as well. We find no connection between the two rulings, either substantively or procedurally. The trial court permitted Latimer to express his opinion that he was following at a safe distance and while appellants objected to that ruling, they do not challenge it on appeal. Rather, they ask us to hold that because the trial court admitted Latimer's opinion, it should have admitted Houston's opinion. But the rulings were not simultaneous—Houston's testimony was at a much earlier point in the trial and must stand or fall on its own merit, not in correlation to the later ruling as to Latimer. Nor did appellants, in objecting to the Latimer testimony, ask the trial court to reconsider its exclusion of Houston's testimony.

■ Under Rule 701 it was for the trial court to determine whether the Houston opinion was rationally based and helpful to a clear understanding of his testimony or the determination of a fact in issue. The admissibility of nonexpert opinion evidence is discretionary and we will not reverse unless the trial court has abused his or her discretion. *White* v. *State*, 303 Ark. 30, 792 S.W.2d 867 (1990); *Avery* v. *State*, 271 Ark. 584, 609 S.W.2d 52 (1980). Given the obvious reluctance of the witness (Houston) to express an opinion as to what following distance was appropriate for an oncoming vehicle under extraordinary weather conditions, the absence of any proof that the difference between two hundred fifty feet and three hundred feet would have had any bearing on Latimer's ability to avoid both the Coca-Cola truck and Gary Scoggins and, finally, the fact that the trial court carefully considered the proffered testimony in camera before excluding it, we cannot hold that an abuse of discretion occurred. To say otherwise would, we believe, be simply the equivalent of substituting our own judgment for that of the trial judge.

II

*The Jury Instruction*

The facts, stated from the appellees' point of view, indicate that Latimer had been behind Scoggins for some miles and though he had earlier thought to pass when an opportunity arose, because of increasing sleet he ruled that out and remained some distance behind. With ice accumulating on his windshield La-

timer did not see the impact between Houston and Scoggins, thus his initial perception was of the Coca-Cola truck jackknifing into the south-bound lane sliding toward him. As earlier noted, when he veered to his right to evade the truck, he saw Scoggins on the right shoulder and was unable to avoid either vehicle.

Over Scoggins objection, the court instructed the jury in accordance with AMI 614:

### SUDDEN EMERGENCY

A person who is suddenly and unexpectedly confronted with danger to himself or others not caused by his own negligence is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation.

Scoggins insists it was error to give the instruction because it was Latimer's negligence that produced the emergency and in that situation the instruction should not be given. In *Ashmore* v. *Ford*, 267 Ark. 854, 591 S.W.2d 666 (Ark. App. 1979), Justice Newbern noted divergent lines of cases dealing with AMI 614, concluding:

These approaches are not inconsistent. When they are combined, the result is that the trial judge may give the instruction in cases where there is some negligence on the part of the party seeking the instruction, but the instruction should not be given where the evidence is very strong that the party requesting the instruction has "created" the emergency by his own negligence.

We regard that reasoning as sound, and we find no evidence that Latimer's negligence produced the emergency, which seems undeniably to have been real and sudden. Whether Latimer maintained a safe distance or a proper lookout were submissible issues of negligence, but the relevant proof could not be characterized as "very strong" that the emergency was his own creation. The trial court heard the proof in its entirety and obviously considered AMI Civ. 3d 614 to be appropriate. We take no exception to that ruling.

Affirmed.

DUDLEY, GLAZE, and BROWN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. I dissent from that part of the majority opinion which holds that one lay witness, a truck driver, may give his opinion about the safe distance between vehicles, but another equally qualified lay witness, another truck driver, may not. This case involves a three vehicle accident which occurred in icy weather conditions. The driver of the first truck, the Southern Farmers' Association truck, Larry Latimer, was allowed to testify over appellants' objection that he was not following too closely under the icy conditions. He testified as a lay witness under Rule 701, and was not required to qualify as having any experience in driving under icy conditions. On the other hand the driver of the second truck, the Coca-Cola truck, Donald Houston, an eyewitness to the wreck, was not allowed to state his opinion about whether the Southern Farmers' Association truck was following too closely under the conditions. He was just as qualified to give a lay opinion about driving on icy roads as was the driver of the Coca-Cola truck.

Both had been driving on the icy road that day and both were basing their opinions on their personal knowledge of the amount of ice that was on the roadway. Both expressed opinions lay persons would form on the basis of observed facts. To me it was an abuse of discretion for the trial court to admit one but not the other.

The Coca-Cola truck driver's testimony was rationally based on his perception of the road at the time and would have been just as helpful in the determination of the main issue as was the Southern Farmers' Association truck driver's testimony.

A.R.E. Rule 701 requires nothing more than a rationally based observation for lay witness opinion testimony. *Carton v. Missouri Pacific R.R. Co.*, 303 Ark. 568, 798 S.W.2d 674 (1990). Today, A.R.E. Rule 701 is not a rule against opinions, but rather one which conditionally favors them. *Id.* at 571. We have long followed the rule, now set out by A.R.E. Rule 701, that a lay witness may give his opinion on a subject if he is qualified by experience and observation about the subject matter. For example, in *Bowen v. State*, 100 Ark. 232, 140 S.W. 28 (1911), we wrote:

The appellant contends that this testimony was incompetent, for the reason that the witnesses had not shown that they had any knowledge of what the usual rate of speed of an automobile is, or that their experience would enable them to judge of the rate of speed of an automobile.

The killing occurred on the streets of Little Rock, where automobiles are constantly passing. Transportation by automobile may be taken as a matter of common knowledge and general information. It does not require the knowledge of an expert to determine whether an automobile is moving at a usual or unusual rate of speed. Any person of ordinary understanding and common observation is competent to speak upon that question. In the case of *Railway Company* v. *Thomason*, 59 Ark. 143, this court said:

"The witness was testifying to matters of fact which he says he had observed, and about which men of common understanding might be informed upon observation. Any person cognizant of the facts upon which he bases his judgment may give his opinion on questions of identity, size, weight, distance and time. Such questions are open to all men of ordinary information." Again:

"We can see nothing in the distance or range of the reflection of light by the headlight of an engine calling for the exercise of peculiar skill, the possession of professional knowledge, or requiring any peculiar habit of study in order to qualify a person to understand it, and to testify about it intelligently." The same may be said as to the speed of an automobile. See, also, *Little Rock Traction & El Co.* v. *Nelson*, 66 Ark. 498; *Miller* v. *State*, 94 Ark. 544; *St. Louis & S.F. Ry. Co.* v. *Brown*, 62 Ark. 254.

In *State* v. *Watson* (Mo.) 115 S.W. 1011, there was a conviction for manslaughter, the charge being similar to that under consideration. Several witnesses, who saw the automobile running, testified that defendant was driving the automobile at a high rate of speed. The defendant in that case objected to the testimony, contending that it was error to permit the witnesses "who knew nothing about the operation of automobiles to give their opinions as to the

rate of speed at which the automobile being operated by the defendant was running just before the deceased was struck." The court in that case said:

"The rate of speed at which an automobile is running is not a matter exclusively for the testimony of experts. If that was true, then, as has been intimated by this court, it would be a matter of impossibility for those injured by the running of vehicles, either automobiles, street cars, or regular railroad cars, to always have experts at hand to show what rate of speed was being made. A holding of that character would be wholly impracticable, and do a great injustice to many persons who had been negligently injured by vehicles of the character indicated running at an excessive rate of speed. At last, the only reasonable settlement of that question is to hold that witnesses who at least know what an automobile is and have seen them operated might give their opinions as to the rate of speed. As to the weight to which such opinions are entitled is a matter entirely for the jury." See, also, 3 Wigmore on Evidence, § 1977; *Commonwealth* v. *Sturtivant*, 117 Mass. 122; *State* v. *Welford*, 29 R.I. 450.

In sum, the driver of the second truck, the Coca-Cola truck, should have been allowed to give his lay opinion about whether the driver of the Southern Farmers' Association truck was following too closely.

The majority opinion, in rationalizing its basis, analogizes this holding to the exclusion of a witness's statement that a car was "going like a bat out of hell." *See Miller* v. *Tipton*, 272 Ark. 1, 611 S.W.2d 764 (1981). Such an analogy is fallacious for at least two reasons. First, the two cases are not analogous. For the two to be truly analogous the "going like a bat" case would have to include a holding that one lay witness could testify that the car was "going like a bat" and another could not do so. As one would suspect, the cited case does not so hold. Second, the "going like a bat" statement was excluded in *Miller* v. *Tipton*, *supra*, because it was "speculative and not helpful to a clear understanding." The advisory committee's note to Rule 701 is most helpful in understanding this ruling. It is as follows:

> Limitation (a) is the familiar requirement of first-hand knowledge or observation. Limitation (b) is phrased in terms of requiring testimony to be helpful in resolving issues. Witnesses often find difficulty in expressing themselves in language which is not that of an opinion or a conclusion. If attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule.

"Going like a bat" is considered to be too indefinite, vague, or meaningless, without anything more, to indicate a speed. It could be excluded for "lack of helpfulness." However, in the case at bar the second driver's testimony is not confusing, and it is not unreliable. Instead, it reflects that one driver was simply hesitant to testify against another. The testimony should have been admitted.

Accordingly, I dissent.

BROWN, J., joins in this dissent.

TOM GLAZE, Justice, dissenting. While I agree with the majority on all other points, I must disagree with its conclusion that the trial court properly excluded the lay opinion testimony of Donald Houston. Houston's proffered testimony was based on his perception of what happened at the time of the accident. Houston, an experienced truck driver, estimated the distance of Latimer's truck to be 150 to 250 feet behind the Scoggins's car and stated that, based on the conditions of the road, he believed 300 feet would have been a safe following distance. We have allowed similar lay testimony in the past. *See Townsend* v. *State*, 292 Ark. 157, 728 S.W.2d 516 (1987) (where an experienced driver, who saw the defendant's vehicle and the accident, related the conditions of the road and compared her car's speed with the defendant's, this court held the driver's lay opinion estimate of defendant's speed at seventy miles an hour was admissible under A.R.E. Rule 701).

The trial court excluded Houston's testimony because it was confusing, and the majority affirms because it is speculative. I disagree with both rulings. Houston gave his clear perception of the accident and his opinion that Latimer was following too close.

Any weakness in his testimony should be tested by cross-examination, but the testimony is not inadmissible. As can be gleaned from Houston's testimony as set out in the majority opinion, Houston limited his testimony stating that he was not relating "some other driver's opinion" or "attempting to make a judgment" call for Latimer. Houston's qualifying remarks placed his opinion in context so the jury could better understand and weigh what he meant by his testimony. In my view, the trial judge clearly abused his discretion in excluding Houston's testimony. Thus, I would reverse and remand this cause for a new trial.

BROWN, J., joins this dissent.